Campbell, J.
This action was commenced by the plaintiff,who is the proprietor of a hotel in this city, known as the Irvi/ng House or Irvi/ng Hotel, and which was opened and named by him “ Irving House ” in the fall of 1848, against the defendants as proprietors of another hotel in this city, which they have also called the Ewing Hotel, and which was opened and named by the defendants, during the past summer. An injunction was granted by one of the justices of this court, restraining the defendants from using the name of Irving Hotel for their house, after an early day designated. A motion is made to dissolve this injunction. The plaintiff’s house, although originally designated by him, as the Irvi/ng House, very soon became generally known also as the Irving Hotel, and was designated by both names indiscriminately, for more than a year before the defendants opened their hotel.
It was urged by the defendant’s counsel, first that the plaintiff had not appropriated the name, because no such name appeared on the external walls of his house. And second, even if it did so appear, the name was not the subject of appropriation as applied to a hotel; that the principle upon which trade marks and other similar rights had been protected, was applicable alone to personal property, to manufactured articles, to such things as were necessarily movable, and in reference to which frauds could be practised without being easily detected, or at all events frauds could be practised operating injuriously upon the party claiming the trade mai’k and also upon the public.
There can be no doubt of the appropriation of the name by the plaintiff for his hotel. It was on all his bills rendered to his guests, on cards, on large cards placed in other hotels throughout various portions of the country, and in cabins of steam boats and *727 steam ships, accompanied by an engraved view of the building, and was so designated in numerous advertisements in public newspapers circulating throughout the country. If we were permitted to speak from our own knowledge, we should say that the fact of such name being applied by the plaintiff to his hotel was, at the time the defendants applied the same name to their hotel, and is now, notorious. There would be no more necessity for the plaintiff to place in large letters upon the front of his building, “This is the Irving House,” in order to designate it and secure an appropriation of the name, than there would be to write on the public edifices of the city “ This is the City Hall,” and “ This is Trinity Church.”
Upon the second objection of the defendant, I at first had some doubt, which, by a more careful consideration and by conference with my associates, has been removed.
We think that the principle of the rule is the same, to whatever subject it may be applied, and that a party will be protected in the use of a name which he has appropriated and by his skill rendered valuable, whether the same is upon articles of personal property which he may manufacture, or applied to a hotel where he has built up a prosperous business.
We are not disposed to interfere with the lawful pursuits of any one. Every man may, and ought to be permitted, to pursue a lawful calling in his own way, provided he does not encroach upon the rights of his neighbor or the public good- But he must not, by any deceitful or other practice, impose upon the public, and he must not by dressing himself in another man’s garments, and by assuming another man’s name, endeavor to deprive that man of his own individuality and thus despoil him of the gains to which by his industry and skill he is fairly entitled. To make the application; if one man has, by close attention to the comfort of his guests, and by superior energy, made his hotel desirable for the traveller, and caused its name to become popular throughout the land, another man ought not to be permitted to assume the same name in the same town, and thus deprive him who first appropriated the name, of some portion of the fruits of that good will which honestly belong to him alone.
It can hardly require argument, to show that the use by the *728 defendants of the same name for their hotel, interferes with the plaintiff’s business;—and the fact is fully established by the affidavits. Such a result, under the circumstances, would seem to be inevitable. If the defendants may use the name, others may do the same, and the public would be inconvenienced by the confusion which would necessarily arise.
There is no hardship in enforcing the rule against these defendants. There is an abundance of names by which they can designate their hotel, and if they can succeed by their own efforts, 1by their skill and careful attention in building up a profitable business, in causing their hotel to become known and popular through the land, they will in turn be entitled to protection against those who may seek to deprive them of the advantages which they may thus honestly acquire;'
The three of my associates, the -Chief Justice and Justices Duer and Mason, who were present at the argument, together with Justice Sandford who granted the injunction, concur with me in opinion that the injunction must stand.
The motion to dissolve it must be denied with costs.