Christy agt. Murphy and others.

SUPREME COURT.

CHRISTY agt. MURPHY and others.

The original establishment and designation of " *Christy's Minstrels*," entitles the founder thereof to the protection and benefit of that appellation exclusively. Without a proper license, the assumption and use of that *style and name* of amusement by others, will be perpetually restrained by injunction, under the law prohibiting the pirating of trade-marks.

*New-York Special Term, Feb.*, 1856.

F. S. STALLKNECHT, *for plaintiff.*
J. M. VAN COTT, *for defendants.*

CLERKE, Justice. It is now well established that the court will grant an injunction against the use by one tradesman of the trade-marks of another. Will this protection be extended to enterprises undertaken for the purpose of affording amusement or recreation to the public?

With regard to trade, it may be alleged that the interests of commerce and the encouragement of industry manifestly require and deserve the interposition of the court; while the well-being of society is not sufficiently concerned to require the extension of this species of protection to undertakings of which the main, if not the sole object, is, at the best, mere pastime. This can be the only ground to which it can be plausibly claimed that the court can make any difference in interposing relief between the present case and an ordinary case of trade-marks. But I

have been unable to discover any essential difference in kind, in reference to this subject, between establishments formed for the purpose of trade and those formed for the purpose of mere amusement. There may be, in degree, a difference, and a considerable difference, in the respectability and utility of such undertakings; but while neither exercises, or is necessarily calculated to exercise any demoralizing influence, I consider one as well entitled to the protection of the law as the other.

" Man does not live by bread alone;" that is, the complete enjoyment, even of his physical existence, does not depend upon mere food or raiment, or other material substances, but upon the exercise of the various and numerous mental and moral faculties with which God has endowed us. It may be as necessary to laugh as to eat; and I am persuaded, if people *would eat less, and laugh more,* that their moral as well as physical well-being would be materially improved. The gravest of poets sings—

> " The love of pleasure is man's eldest born;
> Wisdom, her younger sister, though more grave,
> Was meant to minister, and not to mar
> Imperial pleasure, queen of human hearts."

It is unquestionably the duty of courts to regard with disfavor every establishment having any tendency to corrupt the public morals, to create idle or dissipated habits, to encourage a craving for undue excitement, or to impair the taste for domestic attachments and domestic society.

Nothing has been shown, in this motion, to induce me to believe that the establishment of the plaintiff had any tendency to produce effects of this description. His entertainments may not be of that kind in which men of the highest refinement and delicacy of culture, would take any particular delight, but they serve a very salutary purpose, if they afford diversion and music to the million at a small expense, and without the dissipation and silly display of places of much greater pretensions.

The plaintiff organized and established, in 1842, a band of performers of negro minstrelsy, which he shortly afterwards

named, after himself, "Christy's Minstrels." He was the first who established this species of entertainments. When he commenced it, he incurred some expenditure of time, labor and money, and continued it with success in this city until the fall of 1854, when he suspended it here, and went to California. After an absence of some months, he returned. He has not yet resumed his performances; but declares that it is his intention soon to do so. In the meantime, the defendants—(most of whom belonged to his band)—but were merely employed by him as performers, at a certain stipend, have assumed the style and name of "Christy's Minstrels;" and he asks the court to enjoin them against continuing the use of this name.

For the reasons I have mentioned, I think he is entitled to its exclusive use; and, unless he has given to the defendants a license to use it, his application must be granted.

The defendants have furnished no satisfactory evidence of such a license; and if they had, unless they could also show it was irrevocable, they would have no right to continue the use of this name one moment after he signified his intention to discontinue or withdraw the privilege.

The motion to continue the injunction granted, with $10 costs.