Monell, J.
The contract between the defendant and Rosenstein terminated upon the sale by the latter to Deiz, the plaintiff, and the license to place the words “ Prescott • House ” upon the defendant’s coaches was thereby revoked.
The new arrangement made between the plaintiff and defendant was to continue so long, only, as the partiés were mutually “satisfiedand hence, could be terminated on notice from either party. The defendant admits s.uch a notice was given before the commencement of this action. .
So far as the agreement or license gave permission to the defendant to occupy any portion of the public streets, as a stand for his coaches, it was a nullity. Hotel proprietors • have no exclusive right to the use of the streets ,in front of their premises; and any obstruction by them, in their free use, would be a public nuisance. The streets belong to the public at large for passage over them, and no person has the right to obstruct such passage, by leaving coaches or other vehicles standing upon the highway. And hotel proprietors having themselves no such right, of course can confer none upon others. '
The agreement, however, and license to the defendant to place the words “ Prescott House ” upon his coaches, was a valid contract, which subsisted until it was terminated by notice. And the question is, whether continuing the use of such words, after the license had ceased, can be restrained.
I regard the question as settled by three cases, one of them in this court. (Stone v. Carlin, 3 Mo. Law Rep. 360. Howard v. Henriques, 3 Sandf. 725. Marsh v. Billings, 7 Cush. Mass. Rep. 322.)
In the last case the proprietors of the Revere House authorized the plaintiff to keep coaches at certain railroad *539 depots, to convey passengers to. such house, and to put on his coaches, and on the caps of his drivers, the words “ Revere House.” A similar authority had been given to the defendant, but which had expired. It was held, that the plaintiff had the exclusive right to use the words “Revere House,” as indicating and holding himself out as having the patronage of that establishment for the conveyance of passengers, and that the use by the defendants of the same words for the purpose of falsely holding themselves out as having such patronage, was a. fraud upon the plaintiff, and a violation of his rights, for which he could maintain an action. And in Howard v. Henriques, (supra,) under an analogous state of facts, this court restrained, by injunction, the defendant from using the words “Irving House” upon his coaches and the badges of his servants.
These actions, it is true, were brought by persons holding contracts with the hotel proprietors. But Campbell, J., says, in Howard v. Henriques, that the hotel proprietor might also have an injunction. The rights,of the proprietor and of his licensee are similar, though the injury is different, being confined to the loss of patronage to his coaches in the one case, and to the loss of patronage to his hotel in the other. Each, therefore, may claim the protection of the court for any violation of his individual rights. The pendency of the suit of Peppard & Co. against this defendant is, therefore, no bar to this action.
The cases to which I have referred, as well as Christy v. Murphy, (12 How. Pr. 77,) are an answer to the proposition of the defendant’s counsel, that the plaintiff must establish in a court of law that he has sustained injury, before he can invoke the aid or protection of a court of equity. ‘ Indeed, courts of equity will always interfere to prevent wrongs; while courts of law can only give redress after the wrongs have been committed.
Upon an examination of the facts of this case as proven or admitted, and of the law applicable to such facts, my conclusion is that the plaintiff is entitled to an injunction as *540 demanded in Ms complaint, and should have judgment accordingly, with costs.
The findings to be prepared by the plaintiff’s attorney, and served on the defendant’s attorney, with five days notice of settlement, before me.