Wilcoxen v. McCray.

---

## I. NEWTON WILCOXEN

*v.*

## MARIA L. McCRAY.

A court of equity will protect a person in the use of a name in his business, which he has appropriated and so used as to render it valuable to him.

---

On application for injunction; heard on bill and affidavits on the part of complainant, and answering affidavits on the part of the defendant.

*Mr. I. Newton Wilcoxen, in pro. pers.*

*Mr. Robert Allen,* for defendant.

Van Fleet, V. C.

The complainant asks an injunction to restrain the defendant from using the words " Norwood Hall," as a sign on the boarding-house which she keeps at Asbury Park. The law is firmly settled that he is not entitled to the writ he asks unless he has shown that he has a clear legal right to the exclusive use of the words which he solicits the court to restrain the defendant from using. As was said by Lord Cottenham, in *Spottiswoode* v. *Clarke, 2 Phil. 154,* it is the duty of the court, in cases of this kind, to take care that the legal right be ascertained before it exercises jurisdiction by injunction.

The following summary presents all the material facts : In January, 1881, the defendant rented the building now occupied by the complainant for a term of three years from January 1st, 1881, and for the season of 1881 occupied it herself as a boarding-house. Before the defendant opened the house for the reception of boarders, she placed on its front a sign bearing the word " Norwood," and since then the house has been known as the Norwood Cottage. In March, 1882, the defendant sublet the house to the complainant for a term of five months and fifteen days, extending from May 1st, 1882, to October 15th, 1882. No reference is made to the name of the house in the lease, nor, so far as appears, was any allusion made to its name in the negotiations for the lease. During the latter part of 1881 and the early part of 1882, the defendant erected a boarding-house adjacent to that occupied by the complainant, and about the 20th day of June, 1882, she placed on its front a sign having thereon the words " Norwood Hall." The complainant insists that the erection of this sign is an invasion of his rights, because its natural effect will be to divert boarders from his house to that of the defendant. He also says that he has advertised his house extensively, under the name of the Norwood Cottage, and that persons whose attention is attracted

Wilcoxen *v.* McCray.

by his publications and who would otherwise go to his house, will, in consequence of the misleading effect of the defendant's sign, go to hers, and he will thus be deprived of the benefit of his advertising and also of the reputation which his house has under its distinctive name.

There is no allegation in the bill, nor is the fact otherwise averred or established, that the complainant's house possesses any notoriety or popularity as a desirable boarding-house under the name of Norwood. The only thing said in the bill upon that subject is that it has long been known as the Norwood, Norwood Cottage, Norwood House or Norwood Hotel, but whether favorably or unfavorably is not stated. On this application the important inquiry is, Has the complainant acquired such a property in this name by simply subletting the house for the short term of five months and fifteen days, without a contract on the part of the defendant giving him, as against her, an exclusive right to the use of the name, that the use of this name by the defendant on her house constitutes a fraud upon him? The ground upon which courts of equity generally interfere in such cases is, that the defendant is about to commit a fraud upon the complainant, or has already done so. Lord Langdale, master of the rolls, said, in *Knott* v. *Morgan, 2 Keen 213, 219,* that the court interfered in such cases, not because the complainant had an exclusive right to the name, but because the defendant was seeking, by a fraudulent use of the name which the complainant had previously appropriated to distinguish his business, to deprive the complainant of the fair profits of his business.

It is now perfectly well settled that it is the duty of a court of equity to protect a person in the use of a name which he has appropriated and so used as to render it valuable to him, whether he has used the name to distinguish articles manufactured by him, or applied it to a hotel where he has built up a prosperous business. If one person, by close attention to the comfort of his guests, and by his superior skill and energy, has given his hotel a wide popularity under a distinctive name, and made it a desirable resort to travelers, it is an obvious principle of justice, both to the proprietor of the hotel and to the public, that another

person, engaged in the same business, should not be permitted to assume the same name, in the same town, and thus deprive the person who first appropriated the name and gave it its popularity, of a part of the patronage which would otherwise be attracted to his hotel. *Howard v. Henriques, 3 Sandf. 725.*

Now, in the light of these principles it is impossible for me to find any ground upon which an injunction can be granted to the complainant. The defendant, and not the complainant, is the person who first appropriated the name in question. If, in the estimation of any part of the public, the name represents anybody's skill and attention, it is the defendant's and not the complainant's. If the name is the distinctive badge of anybody's business or business reputation, it is that of the defendant and not of the complainant. It was no part of the contract between these parties that the defendant should not compete in business with the complainant; she made no promise that she would not pursue, at Asbury Park, the same business that the complainant was about to enter upon, and she has, therefore, the same right in that respect that the complainant has. By her lease, she bound herself to give to the complainant nothing but a term in the demised premises. She did not agree to make over her influence, her popularity or her business reputation. Whatever value the name in question possesses as a means of attracting business, it is so inherently, as it seems to me, a part of the individuality of the defendant that, in the absence of a clear understanding between these parties that it should become the property of the complainant, he has no right to be protected in its exclusive enjoyment. Courts of equity, in such cases, do not interfere unless their interference is necessary to prevent the defendant from committing a species of piracy upon the business skill or reputation of the complainant. If anything of that kind has occurred in this case, I regard it as entirely certain that the defendant is not the person to be charged with piracy.

An injunction must be denied.