INTERNATIONAL SILVER COMPANY, appellant,

*v.*

WILLIAM H. ROGERS, respondent.

[Argued March 19th, 1907. Decided June 17th, 1907.]

1. Assuming that everyone has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name, he may not, in such use of his name, resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name.

2. Where the name is one which has previously thereto come to indicate the source of manufacture of particular devices, the use of such name by another, unaccompanied with any precaution or indication, is an artifice calculated to produce the confusion alluded to.

3. While a personal name may not constitute a technical trade mark, yet where an article has come to be known by that personal name, one may not use that name, even though it be his own, to palm off his goods as the goods of another who has first adopted it, and by which appellation the goods have come to be known, when the use of his own name for such purpose works a fraud. If he uses his own name, it must be so used as not to deprive others of their rights, or to deceive the public, and the name must be accompanied with such indications that the thing manufactured is the work of the one making it as would unmistakably inform the public of the fact.

4. Where a man's conduct has been such that he cannot engage in a particular business, even in his own name, without profiting by his prior fraud, to the detriment of another's trade, he must so distinguish his name as to avoid confusion. The words "Not connected with any other of the same name," or words of similar import, do not suffice.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported in *71 N. J. Eq. (1 Buch.) 560.*

Messrs. *Edward A. & William T. Day* and Mr. *John P. Bartlett* (of the New York bar), for the appellant.

*Mr. Craig A. Marsh,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree of the court of chancery.

The suit is a continuation of the litigation heretofore carried on by the International Silver Company against the William H. Rogers Corporation, and reported in *66 N. J. Eq. (21 Dick.) 119,* and on appeal in *67 N. J. Eq. (1 Robb.) 646.*

The decree in that case was directed against the William H. Rogers Corporation, and its officers and directors, and enjoined them from making and selling silver-plated flat ware under the corporate name of "Wm. H. Rogers Corporation" or under the name of "Wm. H. Rogers," or under any name of which the word "Rogers" is a part.

This suit has to do with occurrences since the rendition of that decree.

After that decree, and on or about April 6th, 1905, the William H. Rogers Corporation changed its name to "Plainfield Silver Plate Company," and continued to carry on the business under its new name until May 25th, 1905, when it went out of business. The defendant, who was in control of the stock of the company, and was its president, purchased from it all its unplated blanks, its machinery, tools and fixtures of every kind, its lease on its office and factory, and proceeded to carry on the same business in which it had embarked, under his own name of W. H. Rogers. He now stamps his manufactured goods (his knives, forks and spoons) with the words "W. H. Rogers of Plainfield, N. J.," and marks his packages "Not connected with any other Rogers."

Upon this state of facts the complainant filed its bill of complaint, in the nature of a supplemental bill, against the defendant for an injunction, and the case came on before the vice-chancellor on the bill, answer and proofs taken in the cause and the record and testimony of the former case. The vice-chancellor dismissed the bill.

In its bill the complainant claims that the stamp which the defendant puts on his product, namely, the words "W. H. Rogers

of Plainfield, N. J.," tends to produce confusion in the trade to the injury of complainant's business, and to the wrong of the public, and the complainant asks that he be enjoined from the further prosecution of his business, unless he stamps his product in such a way as to make it plain that it is not manufactured by the original William Rogers Company, to whose business the complainant was the successor.

The learned vice-chancellor thought the injunction should not go, holding that the defendant was under no obligation to do anything more than use his own name fairly; that the evidence showed no fraud, and that the mere fact that a competitor is, or may be, injured, is not material.

In that view we cannot concur.

Assuming that everyone has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name, he may not, in such use of his name, resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the articles produced by them, and thus produce injury to the other beyond that which results from the similarity of name. *Singer Manufacturing Co.* v. *June Manufacturing Co., 163 U. S. 169; Russia Cement Co.* v. *Le Page, 147 Mass. 206; Pillsbury* v. *Pillsbury, 24 U. S. App. 395; Croft* v. *Day, 7 Beav. 84; Holloway* v. *Holloway, 13 Beav. 209; Wotherspoon* v. *Currie, L. R. 5 H. L. 508; Howard* v. *Henriques, 3 Sandf. 725; Meneely* v. *Meneely, 62 N. Y. 427; Lawrence Manufacturing Co.* v. *Tennessee Manufacturing Co., 138 U. S. 537; Brown Chemical Co.* v. *Meyer, 139 U. S. 540; Coats* v. *Merrick Thread Co., 149 U. S. 562.*

The leading case is *Singer Manufacturing Co.* v. *June Manufacturing Co., supra,* in which Mr. Justice White, after affirming the doctrine above set forth and citing the cases which support it, declared: "Where the name is one which has previously thereto come to indicate the source of manufacture of particular devices, the use of such name by another, unaccompanied with any precaution or indication, in itself amounts to an artifice

calculated to produce the deception alluded to in the foregoing adjudications."

That proposition finds support in the following cases: *Howe Scale Co.* v. *Wycoff, Seamans & Benedict, 198 U. S. 118; Walter Baker & Co.* v. *Baker, 87 Fed. Rep. 209; Centaur Company* v. *Link, 62 N. J. Eq. (17 Dick.) 147; Chickering* v. *Chickering, 120 Fed. Rep. 69.*

When this suit was originally before the court the vice-chancellor found that the name "Rogers" had acquired a secondary significance in connection with the manufacture of silverware. In his opinion, reported in *66 N. J. Eq. (21 Dick.) 120,* he uses this language: "The complainant is the successor of several companies which have been engaged for many years in the manufacture of silver-plated ware, and which all derive their title from three brothers of the name of Rogers, who were among the first, if not the first, to apply the art of electroplating to its manufacture. They gained a reputation for their products, and the name 'Rogers' has acquired a secondary significance in connection therewith."

That finding of fact is, in our judgment, fully warranted by the evidence.

While a personal name may not constitute a technical trade mark, yet where an article has come to be known by that personal name, one may not use that name, even though it be his own, to palm off his goods as the goods of another who has first adopted it, and by which appellation the goods have come to be known, when the use of his own name for such purpose works a fraud. If he uses his own name it must be so used as not to deprive others of their rights, or to deceive the public, and the name must be accompanied with such indications that the thing manufactured is the work of the one making it as would unmistakably inform the public of the fact. *Williams* v. *Mitchell, 106 Fed. Rep. 169; Meyer* v. *Medicine Company, 58 Fed. Rep. 884; Baker* v. *Sanders, 80 Fed. Rep. 889; Allegretti* v. *Allegretti, 52 N. E. Rep. 487; Pillsbury* v. *Mills Company, 64 Fed. Rep. 841; Allegretti* v. *Keller, 85 Fed. Rep. 643; Raymond* v. *Powder Company, 85 Fed. Rep. 231; Mills Company* v. *Eagle, 86 Fed. Rep. 608.*

The normal presumption that the use of one's own name is an honest one may be rebutted by showing a prior fraudulent use of it touching the matter in issue. Such prior fraudulent use of the defendant's name in connection with the manufacture and sale of silverware is established in this case by the testimony herein and the record of the original suit. The burden is therefore on the defendant to show that the use of his name is not in effect a continuation of such prior fraud. The defendant has not only failed to sustain this burden, but, on the contrary, the testimony in the present case abundantly shows that the defendant has acquired by purchase and is enjoying the results of a business which was built up in fraud of the complainant; it had been established by the corporation which bore his name, and a certain part of its success, at least, was due to the fact that it was getting the benefit of the reputation achieved by the original Rogers people, to the good will of whose business the complainant had succeeded. That benefit he must continue to receive while carrying on this same business in his own name, unless the public are enabled to certainly know that the goods which he puts upon the market are not the goods of the complainant or its predecessors.

The defendant contends that he distinguished his goods by stamping on them the words, "W. H. Rogers of Plainfield, N. J." The alleged distinguishing words are "of Plainfield, N. J." But that is no distinguishing mark. As the history of the "Rogers" name in connection with silver-plated ware shows, there were several places where the art was carried on and the "Rogers" mark was lawfully used. Locality has no sufficiently distinguishing force, because locality is not associated in any way with the mark itself. It is the word "Rogers" that is all controlling, and it is that which should be differentiated in order to effectually distinguish the goods.

In *Baker* v. *Sanders, 80 Fed. Rep. 889, 895,* the defendant (in lieu of more extended changes) was required to affix the statement that "W. H. Baker is distinct from and has no connection with the old chocolate manufactory of Walter Baker & Company."

In the case of *Allegretti* v. *Allegretti, supra,* in the supreme court of Illinois, the court enjoined the defendants against the use of the name "Allegretti" except in a manner indicating that the defendants' goods are "Manufactured and sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate-Cream Company."

In cases like the present one, it is elementary that the person to be considered is not the jobber or wholesaler, but the ordinary purchaser at retail. This being so the marks "Not connected with any other Rogers" which are put upon the boxes, packages and wrappers, and which do not reach the purchaser at the retail shops, afford no means to the retail purchaser of distinguishing the defendant's product from that of the complainant. Under the circumstances of the present case it was the duty of the defendant to so distinguish the silverware made by him that it could not be mistaken for the silverware known to the world as the "Rogers" ware.

The words, "Not connected with any other Rogers," even if they reached the retail purchaser, would not suffice for that purpose. Those words merely tend to add to the confusion. They might well be, and usually would be, employed by an original manufacturer seeking to warn the trade when he finds on the market other goods which may be passed off as his. They would be the appropriate announcement of an original maker that he has no connection with other wares of similar appearance or wares put out under a similar name. These words also afford an unscrupulous retail dealer opportunity to pass off the product as the original "Rogers" goods. In employing such words, so misleading and ambiguous, the defendant is clearly guilty of bad faith.

The defendant having failed in the performance of his duty so to distinguish his silverware that it could not be mistaken for that of the complainant, we think the complainant is entitled to have an injunction restraining the defendant from manufacturing and selling his goods unless he stamps upon them the words, "Not the original Rogers" or "Not connected with the original Rogers." As was said in *Allegretti* v. *Kellar, supra,* this

"saves the complainant's rights and works no hardship to an honest defendant."

The decree must therefore be reversed and the record remitted to the court of chancery in order that a decree may be made in accordance with this opinion. The complainant is entitled to costs in the court of chancery and in this court.

*For affirmance*—FORT, HENDRICKSON, BOGERT—3.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, PITNEY, SWAYZE, REED, TRENCHARD, VREDENBURGH, VROOM, GREEN, GRAY, DILL—11.