## FLORA v. FLORA SHIRT CO. et al.

No. 18572. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 1.

Ross & Thurman, for plaintiff in error.

Hall & Thompson and Fred E. Suits, for defendant in error Flora Shirt Company.

FOSTER, C. The Flora Shirt Company filed this action for injunction in the district court of Oklahoma county, the petition alleging, in substance, that it was incorporated under the laws of the state of Oklahoma in 1918, under the name of the Lehr-Flora Shirt Company, and in 1921 changed its name to Flora Shirt Company, and later, in 1921, again changed its name to Flora Holeproof Shirt Company, and again changed its name in 1925 to the Flora Shirt Company, and that during all the years which this company has been in existence, it has manufactured and sold shirts under the trade-name of "The Flora Shirt Company" or "Flora Shirt Company," and has so advertised its products throughout the state of Oklahoma and adjacent states, and has so carried its name in the telephone directory of Oklahoma City; that through traveling representatives, advertisements, and other means, its products have become known throughout the territory as the "Flora Shirts"; that the defendant Carl M. Flora is attempting to have the defendant Southwestern Bell Telephone Company list his name as a shirt manufacturer under the name and style of "Flora, Carl, Shirt Company," and that the said Carl Flora is intending to organize a corporation under the name and style of "Carl Flora Shirt Company," and that the so listing in the telephone book and the organization of the company will mislead, confuse, and misdirect the customers of the plaintiff and will constitute a fraud upon the public, in that the names are so similar as to deceive an ordinary unsuspecting person, and that it is such an imitation of the trade-name of the plaintiff as to tend to destroy its business.

The defendant Carl Flora filed a demurrer to this petition, which was overruled by the court, and upon his refusal to plead further, judgment was granted restraining the listing of the name and the formation of the company as prayed for in the petition. From this judgment Carl Flora prosecutes this appeal. The parties will be referred to as they appeared in the trial court.

The only question presented in this appeal is whether or not the court erred in granting the injunction under the allegations of the petition.

It is the contention of the defendant that, since there are no allegations in the petition that Carl M. Flora has ever commenced to make or sell shirts, this case does not involve the question of whether or not Carl Flora is using his name in such a manner as to constitute unfair competition or fraud on the public. But the whole complaint is against his merely transacting business under the name of Carl Flora Shirt Company.

On the contrary, it is the contention of the plaintiff that while Carl Flora has an absolute right to use his own name or to transact business under an artificial name, with the limitation that he may not resort to unfair competition, under the facts in this case, it shows that he intended to transact business and to form the corporation for the purpose of deceiving the public, and to simulate the name of Flora Shirt Company, and to thereby profit from the good name which that company bears in the state of Oklahoma and surrounding territory; and further, that the use of the name as shown by the petition was intended by Carl Flora to injure plaintiff's business.

It is well settled in this state, as well as many others, that any one, in the absence of self-imposed restriction, has an absolute right to use his own name honestly and reasonably in his own business, even though the use of the name may cause an injury to another person in the same business having the same name. But he cannot use his name in such a way that it plainly appears that he has resorted to some contrivance or artifice which is intended to produce an impression upon the public that his establishment, business or firm, or the goods which he is selling, are the same as those of another, and thus produce injury beyond that which results from similarity of the names. Hofstra v. Hofstra, 123 Okla. 3, 251 Pac. 745; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 49 I. Ed. 972; International Silver Co. v. Rogers (N. J.) 67 Atl. 105. This rule is recognized by prac-

tically every court in the land. The fact that confusion results in the use of a name is not sufficient to warrant an injunction, nor is it sufficient that damage results. But it is the manner of the use, and not the use itself that is obnoxious to the law.

There seems to be no difference in the use of a name, and its use in connection with a company or corporation. It is dishonesty in its use that is condemned, and not the use itself. Howe Scale Co. v. Wyckoff et al., supra.

In the instant case, an attempt is made to use the word "company," when no other person is connected with the business other than the defendant. This, we think, is some evidence of an intention to deceive, when used under the conditions shown by the record. Wood et al. v. Wood (Ore.) 151 Pac. 969, supports this contention. In that case the use of the words "realty company," in connection with one's name, was held subject to injunction as constituting unfair competition; also, Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U. S. 554.

Whether courts will enjoin the manner in which one's name is used, has been before the courts of the United States and practically all the states many times. Numerous cases are referred to in the briefs of the parties. Extended discussion of the question with many citations will be found in Seligman v. Fenton (Pa.) 47 A. L. R. 1188-1229, and elsewhere.

The true test, we think, that finds support almost unanimously, is whether or not the use of the name is made honestly and in good faith, and without any intention of deriving any benefit from the reputation or standard of another having the same name and engaged in the same business, other than the similarity of names. As was said in the case of J. I. Case Plow Works v. J. I. Case Threshing Mch. Co. (Wis.) 155 N. W. 128:

"The legal principles which are controlling are simply the principles of old-fashioned honesty. One may not reap where another has sown, nor gather where another has strewn."

In the instant case the names are not identical, but the similarity of the two names is readily apparent. The rule seems not to be different where the names are similar than where they are exactly alike. Generally speaking, it is the similarity which is likely to deceive or mislead an ordinary unsuspecting customer that will be restrained by injunction, where the other conditions are present.

Whether or not a court will interfere in

any particular case, must depend upon the facts and circumstances surrounding the same, the identity or similarity of the names, the identity of the business conducted, and to what extent the name is descriptive of the article manufactured or sold, and the manner in which the name is used. Higgins v. Higgins (N. Y.) 39 N. E. 490, 27 L. R. A. 42.

We think it unnecessary to discuss the cases relied on by the plaintiff or defendants. The parties seem to differ very little upon the general principles as announced by the numerous cases both from this state and others. The only difficulty is in applying the law to the facts in the case at bar.

Here, Carl M. Flora was the son of the organizer of the original plaintiff company. He knew of the reputation that plaintiff company had always maintained throughout its trade territory; he attempted to go into business individually without the assistance of any other person, and while he had a perfect right to use his own name in that business, the fact that he added to the name the word "company," we think, at least tends to show that he intended to derive some benefit from the reputation which that company had obtained, and from the business which it had been transacting. Had there been no other company doing business, no one would doubt the right of Carl M. Flora to do business under the name of the Carl Flora Shirt Company, or to have his name listed in the telephone book, as he was attempting to do under the facts in this case, nor could his right to organize a company be disputed. We think the case at bar comes under the general rule laid down in many of the cases, holding that it is not the use of the name, but the manner in which it is used. So, in this case, from the manner in which Carl Flora was attempting to use his name by connecting it with words identical with the words used in the original company, by so listing it in the telephone book, and by attempting to organize a company, there arises a reasonable presumption that he intended to benefit by the reputation which the original company had. If no such intention existed, we think it a reasonable conclusion that under the record confusion would result, and that customers would be misled by mistaking his name for the name of the original company.

We fully agree with the statement in many of the cases that no hard and fast rule can be laid down which will govern each case, but each one must be decided largely, if not entirely, upon the facts and circumstances surrounding each individual case.

Defendant forcefully argues that the trial court failed to distinguish between the right to the use of a name, and the method of using it in connection with color schemes, devices, symbols, etc., in such a way as to palm off on the public the goods of one as goods of another. With this we do not agree. The listing of a name in a telephone book certainly has for its object informing the public of the nature of the business, as well as where the business or establishment may be found, and is to a large extent advertisement, as well as a convenience.

We believe the petition in this case stated a cause of action, and the trial court did not err in granting the injunction.

The cause is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 47 A. L. R. 1189; 26 R. C. L. pp. 855, 856; 7 R. C. L. Supp. p. 906. See "Trade-Marks. Trade-Names and Unfair Competition," 38 Cyc. p. 809, n. 59; p. 821, n. 93.