RICHARD SELLERS, Receiver of McCormick Bros., Inc., a corporation of the State of Delaware,

*vs.*

ROBERT J. MCCORMICK, SAMUEL F. MCCORMICK AND MCCORMICK TRANSPORTATION CO., a corporation of the State of Delaware.

*New Castle, April 5, 1933.*

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for complainant.

*Harry K. Hoch,* and *Ayres J. Stockly,* of the firm of Hastings; Stockly & Duffy, for defendants.

THE CHANCELLOR: The complainant makes a concession on his brief which obviates any necessity on my part of examining the authorities for the purpose of arriving at a conclusion touching the right of the defendants to con-

duct their business under the corporate name of McCormick Transportation Company, notwithstanding the similarity which that name bears to the name of the company for which the complainant is receiver. I shall accept the concession as compelled by the authorities, without myself looking into the grounds on which it rests. It is stated by the solicitor for the complainant as follows:

"We concede that if  *  *  *  it were solely a question of the similarity of names and the similarity of business the court, under the great weight of American and English authorities, should not restrain the use of that name."

But the complainant contends that even so, an injunction should issue. He relies on the principle that while an individual may make use of his own name in his own business, even though he comes in competition with another bearing the same name to the latter's injury, yet he may not so use his own name in a manner or in accompaniment with such artifices as will lead to confusion beyond that which arises from the mere similarity of names. In other words, granting the right to use the personal name, it is contended that the confusion which is inevitable therefrom may not be aggravated by artificial means. In this I think the complainant is correct. *Meneely v. Meneely*, 62 *N. Y.* 427, 20 *Am. Rep.* 489; *Seligman v. Fenton*, 286 *Pa.* 372, 133 *A.* 561, 47 *A. L. R.* 1186; 26 *R. C. L.* 855. Other authorities may be cited in great number to the same effect.

Have then the defendants done anything which unnecessarily adds to the confusion which the mere similarity of names occasions? I think they have. The advertisements referred to in the statement of facts show that they gave the impression that the business conducted by them was but a continuation of the old one which they formerly conducted. The reference to our "new home," to the "new telephone number" in Wilmington, and the thanking of "our old customers for their continued patronage" can have no

effect other·than to make the public believe that the trucking business conducted by McCormick Transportation Company is the same trucking business as was formerly conducted by McCormick Bros., Inc., especially when the old company's address was displayed in the advertisements. A preliminary injunction should issue against such representation as that.

The injunction should also restrain the defendants from conducting the New York end of their business at 128 Hudson Street. It does not appear to me to be fair for the defendants, in carrying their McCormick Transportation business to New York, to locate it at a place bearing the identical street number of the older McCormick concern doing the same sort of business. It matters not that 128 Hudson Street is designative of several buildings. Why should the defendants pick that address among all those obtainable in that large city as the situs for their business? To do so is a voluntary contribution to the confusion which should not be permitted.

The preliminary injunction will issue to the extent indicated by the foregoing.