CARL SPRINGER, INC., a corporation of the State of Delaware,

*vs.*

CARL SPRINGER SUPPLY CO., INC., a corporation of the State of Delaware.

*Sussex, April 21, 1954.*

*Robert W. Tunnell* and *Arthur Dean Betts,* of Tunnell & Tunnell, Georgetown, for plaintiff.

*David Snellenburg, II,* of Killoran & Van Brunt, Wilmington, for defendant.

BRAMHALL, Vice Chancellor: Plaintiff was incorporated under the laws of this State on March 3, 1949. It is engaged in the business of selling building supplies and materials. At the time of plaintiff's incorporation until January 26, 1954, Carl Springer was a minority stockholder and president of plaintiff corporation.

Defendant was incorporated on May 9, 1952, under the name of United Supply Co., Inc. It is also engaged in the business of selling

building supplies and materials and is in competition with the plaintiff in the City of Wilmington and vicinity. On January 28, 1954, two days after Springer left the employ of plaintiff, the name of defendant was changed from United Supply Co., Inc. to Carl Springer Supply Co., Inc. Springer, who had entered into an agreement for the purchase of practically all of the capital stock of defendant, became president of defendant. At approximately the same time the following notice was sent to members of the trade in general, including customers of plaintiff:

"Effective immediately Carl C. Springer is taking control of United Supply Co., Inc.

"The name of the new company will be Carl Springer Supply Co., Inc.

"Mr. Springer will be President, William F. Roane, formerly Warehouse Manager for United Supply, will be Vice-President and Ernest H. Laker, formerly Salesman for Carl Springer, Inc., will be Secretary and Treasurer.

"Temporary headquarters will be at 1100 Grant Avenue, but arrangements are being made for larger quarters so we can give real service and stock a much larger supply of materials.

"Your inquiries and orders are solicited.

"Messrs. Springer and Laker will be visiting you personally as soon as they can cover our very large territory."

It is conceded that the name of Carl Springer was well known in the trade. Springer testified that in changing the name of defendant to Carl Springer Supply Co., Inc. it was his expectation that he would capitalize on the good will of plaintiff. Considering the shortness of the time involved there were a number of instances of considerable confusion in the trade as to whether or not Springer was connected with plaintiff or with defendant or with both. There were also evidences of confusion in the placing and delivery of orders. There was further testimony that telephone calls, correspondence and bills had been missent to both plaintiff and defendant and that confusion existed as to the identity of the parties.

Is plaintiff prevented from enjoining defendant relative to the use of the name "Carl Springer" as a part of its corporate name by reason of the fact that a person has the right to use his individual name in the conduct of his business? The question of similarity of names will not be disputed. It is true that plaintiff and defendant are engaged in the same type of business, in the same general locality and are in competition with each other. There was considerable confusion on the part of those dealing with plaintiff and defendant as to the identity of the parties, particularly as to the company with which Springer was associated. Defendant relies upon the contention that Springer has the right to use his own name in the formation of the corporation with which he is actively connected and that in the absence of fraud on the part of defendant, plaintiff cannot complain, even though it is injured thereby. Defendant specifically denies that there was any fraudulent intent on the part of defendant in changing its corporate name.

Springer had the right to use his own name when changing the name of defendant and the fact that plaintiff was injured thereby would avail plaintiff nothing unless the confusion caused by the change was aggravated in some manner by artificial means leading to a confusion beyond that arising by the mere similarity of names. *Sellers v. McCormick,* 19 *Del.Ch.* 238, 165 *A.* 569. Springer negotiated for the purchase of the stock of defendant prior to severing his connection with plaintiff, of which he was president. Immediately upon severing his connection with plaintiff, Springer notified plaintiff's customers, among others, that he had taken over defendant; that he would be president of defendant, and that one Ernest H. Laker, formerly a salesman for plaintiff, would be secretary and treasurer of defendant. Nowhere in this notice did Springer state that he had severed all connections with plaintiff or that the corporation with whom he was becoming associated was actually a different corporation from that of plaintiff. Springer admitted that in using his own name as a part of the corporate name of defendant he had hoped to secure the benefit of the good will which plaintiff had built up. In the short space of time during which this condition has existed, there have been a number of instances of confusion as to the identity of the two companies, and confusion in orders, telephone calls and deliveries. Since

plaintiff and defendant are engaged in similar lines of business in the same general locality, considerable confusion under such circumstances was inescapable. It is also apparent that Springer must have realized that such confusion would occur. The sequence of events immediately prior to and after Springer severed his association with plaintiff, coupled with his admission as to his purpose, point clearly to the fact that the name of the defendant was changed for the purpose of acquiring the benefit of the good will of plaintiff. Defendant owed a duty to plaintiff to do everything reasonably necessary to avoid confusion in the mind of the public and those in particular dealing with plaintiff and defendant. Defendant must not use its name in the business in which plaintiff is engaged without using every means reasonably possible to distinguish his business from that of plaintiff. *Royal Baking Powder Co. v. Royal,* (6 Cir.) 122 F. 337, 58 C.C.A. 499. The name must be accompanied with such indication as would reasonably inform the public of the fact that Springer had severed his connection with plaintiff and was now connected with defendant. *International Silver Co. v. Rogers,* 72 N.J.Eq. 933, 67 A. 105. The evidence seems irresistible that defendant assumed its corporate name in order to create the impression that it was the same concern with whom customers had been dealing. *Chas. S. Higgins Co. v. Higgins Soap Co.,* 144 N.Y. 462, 39 N.E. 490, 27 L.R.A. 42.

Defendant cites the leading case of *Howe Scale Co. v. Wyckoff,* 198 U.S. 118, 25 S.Ct. 609, 49 L.Ed. 972, as authority for its position. In that case plaintiff manufactured a typewriter known as Remington Typewriter and Remington Standard Typewriter. Defendant was sales agent of Remington-Sholes Company, manufacturing typewriters known as Remington-Sholes and as Remington. The court held that the only thing which defendant had done to cause confusion was the use of the word "Remington", which was a family name, and that even though confusion resulted from the use of that word an injunction would not be granted upon that ground alone. Defendant contends that in the present case the only thing which it did was to use the word "Springer".

I do not question the law laid down in the *Howe* case; it has been followed by a great many cases in this country. However, that

case is distinguishable in several respects from the present case. There defendants used only the family name of Remington; here defendant used the full name of Carl Springer. There the defendant's advertisement was of the name of Remington-Sholes (names of two families controlling defendant), which the court said was for the purpose of establishing good will for those two names and not for Remington. Here plaintiff's customers were not notified of Springer's severance from plaintiff, although solicited by defendant for their business. There the court held that the use of the name and trademark was not intended, and was not likely to deceive. Here the evidence is that there was considerable confusion caused by reason of the fact that the defendant saw fit to take the full name of Springer as a part of its corporate name. Defendant's use of Springer's name in its corporate title was for the purpose of profiting from the good will created by plaintiff.

Since Carl Springer owns practically all of the outstanding stock and is president of defendant, defendant has the right to use the name "Carl Springer" as a part of its corporate name. Since plaintiff also uses the name "Carl Springer", in competition with defendant, defendant must make every reasonable effort to avoid confusion which might be caused by the use of the name. In all its advertising matter and stationery and in all its dealings with the public, the attention of the public must be called specifically to the fact that plaintiff and defendant are entirely separate organizations and that neither defendant nor Carl Springer is in any manner connected with the plaintiff.

Order on notice in accordance with this opinion.