**TIB CORPORATION, d/b/a Interstate Business Management, a foreign corporation, Appellant,**

v.

**Jeanette B. EDMONDSON, Secretary of State of the State of Oklahoma, Appellee.**

No. 53609.

Supreme Court of Oklahoma.

June 30, 1981.

Richard D. Hampton, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Stephen F. Shanbour, Asst. Atty. Gen., Oklahoma City, William Brad Heckenkemper, Legal Intern, for appellee.

HARGRAVE, Justice.

The TIB Corporation, doing business as Interstate Business Management, brought this proceeding in the District Court of Oklahoma, praying for a Writ of Mandamus to compel Jeanette B. Edmondson, Secretary of State of the State of Oklahoma, to accept and file a Trade Name Report as provided by 18 O.S. 1971 § 1.11a. Defendant answered the petition alleging that the appellation "Interstate Business Management" was preempted by a prior reservation of that name for the exclusive use of an Oklahoma corporation, and thus defendant stated she was prohibited by law from permitting plaintiff to file that purported trade name. The matter proceeded to trial and the court ruled that the acceptance of a trade name report was not a ministerial act and it could thus not be compelled through a writ of mandamus.

A brief statement of the factual background will suffice for the purposes of the determination of this appeal. Interstate had been organized in 1968 as a Texas corporation. Plaintiff TIB Corporation, also a Texas corporation, was combined with Interstate Business Management Corporation in 1973, and Interstate Business Management Corporation was then dissolved. After the merger, TIB continued to use as its trade name Interstate Business Management. On September 28, 1978, Articles of Incorporation were filed by a third corporation in Oklahoma, assuming the name of Interstate Business Management. Plaintiff attempted to file a Trade Name Report on March 14, 1979, and that attempt was refused.

The statutory authority for report of a trade name is 18 O.S. §§ 1.11a, b, and c, enacted as Laws 1961, p. 198, §§ 1, 2 and 3, to be distinguished from 18 O.S. 1971 §§ 1.11a, 1.11b and 1.11c, enacted as part of the Business Corporation Act, dealing with the corporate name.

The first, 18 O.S. 1971 § 1.11a reads:
Report on use of trade name by corporation.

A corporation doing business in this State under any name other than that of the corporation shall file a report with the Secretary of State setting forth the trade name under which such business is carried on, a brief description of the kind of business transacted under such name, the address wherein such business is to be carried on, the corporate name and the address of its registered agent in this State.

 The premise that in statutory construction the word "shall" connotes a mandatory duty is well settled in this state. Thus all corporations not doing business in their corporate name are required to report the fact to the Secretary of State. The next following statute penalizes those entities failing to file a trade name statement by denying access to the courts of this state, and allowing the Attorney General or any other person to enjoin doing business other than in the corporate name until the corporation has filed a report on the use of a trade name.

The discretionary duty placed on the Secretary of State in relation to filing a trade name is argued by the appellee Attorney General to be encompassed in § 1.11c, Laws 1961, p. 199 § 3, reading as follows:

The name under which any corporation formed or domesticated under this Act does business within this State shall not be the same as or deceptively similar to the name of any other domestic or domesticated corporation previously filed in accordance with this section, unless such other corporation shall give its written consent to the use of such name.

The last quoted section does not plainly allow the Secretary of State to refuse to accept the report of trade name required by 18 O.S. 1971 § 1.11a, Laws 1961 p. 198 § 1. The indication argued for such authority arises from the first portion of § 1.11c. The statute, however, plainly places upon the Secretary of State judicial authority to rule on the fact question of "deceptively similar," if the Secretary's duties are held to include the duty to reject a similar name. More consonant with traditional boundaries of separation of powers, however, is an

interpretation of the statute which is declarative of the general case law of trade names, for the purpose of negating any inference that the report of trade name has a significance independent of the ability of the state and its citizens to have access to the true identity of corporations dealing by fictitious names.

It is only necessary to examine the case of *Home Insulation Co. v. Home & Building Insulation Co., 175 Okl. 428, 52 P.2d 1065 (1935)*, to illustrate the fact that a trade name, by its very nature, is acquired by prior use in trade. We cannot assume that Section 1.11c, Laws 1961 § 3 impliedly created a discretionary duty on the part of the Secretary of State and thus indirectly invalidated the well established body of law relating to trade names and substituted therefor a registration statute in its place.

In *Home Insulation Co., supra*, Intervenors, both foreign corporations, pled that the appellation "Home Insulation Co." had been utilized as their trade name prior to incorporation of the plaintiff under a similar name. Trial court held the latter-formed corporation entitled to enjoin the foreign corporation's use of the similar trade name. This Court reversed, holding *inter alia* the party utilizing the name prior in time in the course of commercial trading was entitled to a permanent injunction against the domestic corporation. In arriving at that conclusion, the Court noted that the authorities generally agree that a foreign corporation may maintain an action to restrain a domestic corporation from infringing upon its corporate name, observing the fact that both names are corporate names is not material, since they were both business names by which the parties are known and are to be dealt with precisely as if they were the names of private firms or partnerships.

In *Home Insulation, supra*, the Court quoted *Red Seal Refining Co. v. Red Seal Refining Corporation, 115 Okl. 63, 241 P. 762 (1925)*. After reviewing that case, the Court cited several cases, including *Flora v. Flora Shirt Co., 141 Okl. 58, 283 P. 1013 (1930)*, and reached the conclusion that it would seem that the rule is well established that a corporation must not by any artifice deceive the public so that its goods may be sold for those of a person or corporation having a similar trade name. The fact that the words used are part of a corporate name is not important; the essence of the wrong is deceit ...[1] *Home Insulation, Red Seal Refining Co.*, and *Flora, supra*, clearly point out the right to use a trade-name arises from prior utilization in trade, and that corporate existence is indirectly relevant where the existence indicates prior usage.

Were we to hold today that the Secretary of State could refuse to accept appellant's report of trade name, appellant, under 1.11b, Laws 1961, p. 198 § 2, would be foreclosed from contesting in a court of law the determination of "prior use in trade" and "deceptively similar" necessarily made by the Secretary in determining whether to accept a report tendered under Laws 1961, p. 198 § 1 (18 O.S. 1971 § 1.11a.) *Home Insulation, supra*, answered a related argument in the negative in noting that the Intervenors were not incorporated in Oklahoma nor licensed to do business in the State, but could maintain an action in tort to protect their trade name from infringement.

This Court is therefore of the opinion that 18 O.S. 1971 § 1.11a, Laws 1961 p. 198 § 1, creates a mandatory duty to report any name other than that of the corporation under which business is transacted. Section c of the above mentioned § 1.11 affirms the disability of a corporation to utilize a name deceptively similar to that of any other domestic or domesticated corporation notwithstanding the provisions of the previous § 1.11a, *supra*. After the report of trade name is made as required of a corporation by the latter statute, the Secretary of State may only accept the tendered re-

---

1. See also *Choosing & Protecting Corporate Name, Lucian Wayne Beavers and William R.* Laney, 30 Okl.L.Rev. 507 (1977).

port and file same as per the statute. Section 1.11c, Laws 1961, p. 199 § 3 does not create a judicial function residing in the Secretary nor is that officer given the discretion thereby to refuse, and the trial court erred in so holding. Mandamus will lie to compel an executive officer to perform an act required by law where the officer is not required to exercise discretion. *Norris, et al. v. Cross, Sec. of State, 25 Okl. 287, 105 P. 1000 (1909).*

The judgment of the trial court is therefore REVERSED and Writ of Mandamus is ISSUED.

LET THE WRIT ISSUE.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, DOOLIN and OPALA, JJ., concur.

SIMMS, J., dissents.