Dear Representative Bastin,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Is a municipal housing authority receiving Federal financialassistance required to file an audit annually with the clerk ofthe governing body of the municipality?
2. If the answer to your first inquiry is in the affirmative,what is the penalty for failing to file such an audit and whatrecourse does a municipality have if the municipal housingauthority fails to file an audit with the clerk of the governingbody of the municipality?
¶ 1 Title 63 O.S. 1051 (1981) et seq. codifies the Oklahoma Housing Authorities Act and creates housing authorities in each city and in each county of the State. In order to become a functioning Authority, the governing body of the municipality shall adopt a resolution declaring there is need for an Authority in the city or the county if it finds (1) that insanitary or unsafe inhabited dwelling accommodations exist, and (2) that there is a shortage of safe and sanitary dwelling accommodations in the city or county available to persons of low income at rentals or prices they can afford. When a housing authority is authorized to transact business and exercise powers under 63O.S. 1058, the Act provides that five persons shall be appointed as commissioners of the Authority. 63 O.S. 1055 (1981). In the case of a city, the mayor, with the advice and consent of the governing body, shall appoint the commissioners. In the case of a county Housing Authority, the Board of County Commissioners appoints the Housing Authority commissioners. At least one of the persons appointed must be a tenant in a housing project under the jurisdiction of the Housing Authority. 63 O.S. 1058 (1981).
¶ 2 At 63 O.S. 1061 of the Act, the Legislature sets forth the powers of the Authority which include, among others, preparation and operation of housing projects, study and analysis of housing needs and determining where slum areas exist or where there is unsafe, insanitary or over-crowded housing.
¶ 3 The statute governing your first inquiry is 63 O.S. 1079
(1981). That statute provides:
 At least once a year an authority shall file with the clerk of the governing body of the jurisdiction within which the authority operates a complete financial and operating report of the preceding fiscal year which shall be and remain a public record. At least once a year an authority shall file an audit of all financial and other transactions for the previous fiscal year and shall file such audit with the clerk as a public record and make recommendations with reference to such additional legislation or other action as it deems necessary in order to carry out the purposes of this act.
(Emphasis added).
¶ 4 It is clear from this statute that the first question must be answered affirmatively. 63 O.S. 1079 plainly and unambiguously provides that, at least once a year, an authority shall file with the clerk an audit of all financial and other transactions for the previous fiscal year. Where the language of a statute is plain and unambiguous and its meaning clear, no occasion exists for the application of rules of construction and the statute will be accorded the meaning as expressed by the language employed therein. Gilbert Cent. Corp. v. State,716 P.2d 654, 658 (Okla. 1986); Cave Springs Public School DistrictI-30 v. Blair, 613 P.2d 1046 (Okla. 1980). The statute uses the word "shall" in reference to filing an audit. In the construction of statutes, "shall" is interpreted as connoting a mandatory duty. TIB Corp. v. Edmondson, 630 P.2d 1296, 1297 (Okla. 1981). Accordingly, the Authority is mandated to follow the dictates of the statute and file an audit at least once a year.
¶ 5 For those Housing Authorities receiving Federal assistance, Federal law requires that audits shall be conducted annually unless the State or local government has adopted, by January 1, 1987, a constitutional or statutory requirement for less frequent audits. Title 24 C.F.R. 44.4 (1987). In this instance title 63 of the Oklahoma Statutes provides for annual audits and there is, therefore, no conflict between State and Federal Law.
¶ 6 Your second question asks what recourse is available if the Authority fails to perform its duty of filing an annual audit. Several possible courses of action are potentially available to a municipality depending on the facts and circumstances of each particular instance. One possible remedy to compel performance of the duty of filing an audit is a writ of mandamus. Title 12 O.S.1451 (1981). Another possible means of recourse is the removal from office of the commissioners of the Housing Authority for neglect of duty pursuant to title 63 O.S. 1060 (1981). The ouster provisions of 22 O.S. 1181 (1981) et seq. are also available for removal of elected or appointed officials for habitual or willful neglect of duty.
¶ 7 Additionally, title 21 O.S. 580 and 21 O.S. 581 (1981) provide for the imposition of criminal penalties punishable as a misdemeanor when public officers willfully neglect or omit to perform duties enjoined by law. These sections apply only where no special provision has been made for the punishment of such delinquency by statute.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Title 63 O.S. 1079 (1981) creates a mandatory duty that amunicipal Housing Authority file an audit annually with the clerkof the governing body of the municipality. For those Authoritiesreceiving Federal financial assistance, Federal law also requiresan annual audit be performed.
2. A variety of potential remedies are available for failure tofile an audit depending on the facts of each case. A writ ofmandamus may be available to compel performance. The statutesgoverning municipal Housing Authorities provide thatcommissioners of the Authority may be removed by the governingbody for neglect of duty. The commissioners may also be subjectto ouster proceedings or criminal penalties.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
SANDRA D. HOWARD ASSISTANT ATTORNEY GENERAL