Dear Mr. Parsons:
 Attorney General Loving has asked me to respond to your recent request for an Attorney General opinion in which you asked, in effect the following question;
Is enrollment of state employees in the basic plan of health coverage (comprised of medical, dental, life and disability insurance) mandatory for all state employees?
Because your request may be answered by the review and interpretation of applicable statutes, this office has determined your request should be answered through this informal letter. The discussion which follows is not an official opinion of the Attorney General. Rather, the following analysis and conclusions, while solely my own, have been reached after careful research of the question you have raised.
In general, state employees who meet the eligibility requirements of 74 O.S. 1363(13) (1993) are provided basic health care coverage as a benefit package to their employment. 74 O.S. 1362 (1993). Each eligible state employee is required to select coverage from options made available through the Employee Benefits Council. Title 74 O.S. 1371 (1993) ("section 1371") provides in part:
 "A. All participants must use a portion or all of their flexible benefit allowance to purchase at least the basic plan(.)
* * * * *
 E. Each employee of a participating employer who meets the eligibility requirements for participation in the flexible benefits plan shall make an annual election of benefits under the plan during an enrollment period to be held prior to the beginning of each plan year(.)
 Each such employee shall make an irrevocable advance election for the plan year or the remainder thereof pursuant to such procedures as the Council may prescribe. Any such employee who fails to make a proper election under the Plan shall, nevertheless, be a Participant in the plan and shall be deemed to have purchased the default benefits described in this section.
* * * * *
 G. Any participant who, in the first year for which he or she is eligible to participate in the plan, fails to make a proper election under the plan in conformance with the procedures set forth in this section or as prescribed by the Council shall be deemed automatically to have purchased the default benefits. The default benefits shall be the same as the basic plan benefits. Any participant who, after having participated in the Plan during the previous plan Year, fails to make a proPer election under the Plan in conformance with the procedures set forth in this section or prescribed by the Council, shall be deemed automaticallY to have purchased the same benefits which the participant purchased in the immediately preceding plan year, except that the participant shall not be deemed to have elected coverage under the health care reimbursement account plan or dependant care reimbursement account plan."
(Emphasis added.)
The primary rule of statutory construction is to determine the legislative intent of a statute in light of its general purpose and object. TXO Production v. Oklahoma CorP. Comm.,829 P.2d 964 (Okla. 1992). The word "shall" connotes a mandatory duty. TIB Corp. v. Edmondson, 630 P.2d 1296
(Okla. 1981).
The extensive mandatory and repetitive language in 74 o.s. 1371 requiring a participant to make certain benefit elections, together with the explicit default language contained therein, indicates a clear legislative intent to mandate coverage for all eligible state employees.
However, 74 O.S. 1308(1) (1991) (" 1308") provides:
 "Any employee other than an education employee eligible for membership in the Health Insurance Plan, Dental Insurance Plan or Life Insurance Plan upon its effective date shall be enrolled in the plan unless he elects not to be enrolled within thirty (30) days of such effective dates(.)[1]"
Legislative Acts are to be construed in such a manner as to reconcile differing provisions and render them consistent and harmonious, and give intelligent effect to each. Eason Oil Co. v. CorPoration Commission, 535 P.2d 283 (Okla. 1975). Section 1371 is in conflict with the provisions of 1308. If the provisions of statutes are in conflict, the latter-enacted statute must prevail. Boice v. State,473 P.2d 241 (Okla. 1970). Section 1371 is the more recent law. The Oklahoma State Employees Benefits Act was enacted in 1992 and 74 o.s. 1371 of the Act was last amended in 1993. On the other hand, the State Employees Group Insurance Act was enacted in 1967 and S 1308 of the Act was last amended in 1988, four (4) years prior to the enactment of 1371.
Additionally, the 74 o.s. 1308 election is available only if such election is made within thirty (30) days of the "effective dates" of the Health Insurance Plan, Dental Insurance Plan or Life Insurance Plan (collectively, the "plans"). Apparently, the "effective dates" of the plans refers to the time frame for which employees could "opt-in" to the plans at time of the initial institution of the various plans. This interpretation is supported by 74 o.s. 1308(2) which provides for the date of enrollment of those employees (other than education employees) which become eligible for benefits after the effective dates of the plans. Pursuant to 1308(2), such eligible employees become enrolled in the plans on the first day of the second month of employment.
Further support of the legislative intent requiring benefit coverage for all state employees is found at 74 O.S. 1370(A) (1993), which provides in part:
 "Subject to the requirement that a participant must elect at least the default benefits, or the basic plan, flexible benefit dollars may be used to purchase any of the benefits offered by the Council under the flexible benefits plan(.)"
Lastly, after reviewing the Oklahoma State Employees Benefits Act, 74 O.S. 1361 — 74 o.s. 1372, I find no specific statutory authority for the Employee Benefits Counsel (or any other state agency) to grant a waiver of the 1371 requirements. Therefore, regardless of an employee's personal situation that may negate the need for benefits, all eligible state employees are bound by the 74 o.s. 1371 benefit requirements.
It is, therefore, the opinion of the undersigned attorney that enrollment of state employees in the basic plan of insurance coverage pursuant to 74 O.S. 1361 (1993) et seq., is mandatory for all eligible state employees.
Very truly yours
(Gretchen Zumwalt Kennedy)
[1] Note that the 74 o.s. 1308 requirement relates to the "effective date" of the Health Insurance Plan, Dental Insurance Plan or Life Insurance Plan as distinguished from the "plan year" as defined in 74 o.s. 1363 and used in 74 o.s. 1371.