KAREKIN M. GIRAGOSIAN *vs.* DIKRAN P. CHUTJIAN.

Suffolk.    December 5, 1906. — March 1, 1907.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, LORING, & RUGG, JJ.

*Trade Name. Equity Jurisdiction,* To enjoin unlawful use of trade name, To assess damages.

In a suit in equity by one doing business under the name " Oriental Process Rug Renovating Company," to enjoin an alleged interference with his rights in the use of this designation as a trade name, it appeared that about the time the plaintiff began to use this name the defendant began to carry on a business similar to that of the plaintiff under the name " Oriental Rug and Carpet Renovating Works," that when the defendant adopted this name the plaintiff had acquired no rights in his own trade name, and the defendant adopted the name in good faith without any intention of acquiring the plaintiff's business or of palming off his own business as that of the plaintiff, that neither the plaintiff nor the defendant used any process for cleaning or repairing rugs which was peculiar to himself, that each was familiar with and used the processes common in Oriental countries, so far as there were any such peculiar processes, and that each did as good work as the other. *Held,* that there was no ground for granting an injunction.

Where an injunction was granted to one carrying on business under the name " Oriental Process Rug Renovating Company," to restrain the defendant, who carried on business under the name " Oriental Rug and Carpet Renovating Works," from changing the order of the words of this name to " Oriental Carpet and Rug Renovating Works," so that it would appear alphabetically in the telephone directory before the trade name of the plaintiff, the justice who granted the injunction found that the damage to the plaintiff from the defendant's wrongful conduct had not been more than a very few dollars, and that the plaintiff had not sustained damage enough to warrant the reference of the case to a master, and in the decree granting the injunction ordered costs for the plaintiff but no damages. *Held,* that the decree was a proper one, a court of equity not being bound to send a case to a master where it is manifest that the damages are so small that they would be exceeded by the cost of the hearing.

The smallness of a claim is a proper ground for refusing to enforce it in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 21, 1905, to restrain the defendant from using the names " Oriental Rug and Carpet Renovating Company" and " Oriental Carpet and Rug Renovating Company " to designate or in connection with the defendant's business, praying for an injunction and for damages.

The case was heard by *Sheldon*, J., who found the facts which are stated in substance in the opinion.   He made a decree enjoining the defendant from using, in connection with his business, the name " Oriental Carpet and Rug Renovating Works," or any other colorable imitation of the plaintiff's business name, " Oriental Process Rug Renovating Company," unless there were prefixed the name of the defendant or other words or terms sufficient clearly to distinguish it from the plaintiff's business name, but not enjoining the use of the name " Oriental Rug and Carpet Renovating Works " in connection with the defendant's business, and ordering that the defendant pay to the plaintiff his costs of suit taxed at $33.40.

The plaintiff appealed, and the justice at the request of the plaintiff reported the material facts found by him.

*E. D. Chadwick*, for the plaintiff.

*A. S. Apsey*, for the defendant, was not called upon.

KNOWLTON, C. J.   The plaintiff contends that the defendant has interfered with his rights to the use of his trade name, " Oriental Process Rug Renovating Company," as a designation of the business carried on by him.   The single justice who heard the case found that the plaintiff has used this name since September, 1900, and that the defendant began to carry on a business similar to that of the plaintiff at about the same time, under the name, " Oriental Rug and Carpet Renovating Works." " When the defendant adopted this name the plaintiff had not acquired any rights in his own trade name; it had not become identified with the plaintiff, either among dealers or with the general public, and the defendant adopted his name in good faith, without any intention of wronging the plaintiff or of acquiring the plaintiff's business or of palming off his own business as that of the plaintiff.   The defendant also advertised his business considerably, — generally under the name ' Chutjian Brothers, Oriental Rug and Carpet Renovating Works.' . . .

Neither one of the parties uses any process of cleaning or repairing rugs which is peculiar to himself; each is familiar with and uses the processes common in Oriental countries, so far as there are any such peculiar processes. Each does as good work as the other."

Upon these findings, neither has acquired any better right to the use of his trade name than has the other to the use of his trade name. The name used by the defendant is nothing more than a simple description of his establishment, in reference to the kind of business carried on there. It is a name which any one engaged in that business properly may use, if he does nothing which tends to deprive another of the benefit of his good reputation among his customers. If a use of it would indicate to the public that his establishment was that of another person who had become favorably known in the trade, and would thus take away from that person business which otherwise would go to him because of his good reputation, he might be required to accompany the name with something to show that his was a separate business. *Fox Co.* v. *Glynn*, 191 Mass. 344. *Cohen* v. *Nagle*, 190 Mass. 4. *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85. But the facts in the present case show no reason for enjoining the defendant. *Fox Co.* v. *Glynn, ubi supra.*

The fact that the defendant, in 1904, used the name "Oriental Carpet and Rug Renovating Works" so that it would appear alphabetically in the telephone directory before that of the plaintiff, and perhaps strike the eye first if one was looking for the name of a renovator of rugs, and give him some of the plaintiff's customers, was made the ground of an injunction against the use of that name by the defendant. So far as appears, this part of the decree is satisfactory to both parties.

Upon the hearing of the whole case, the justice found that the plaintiff had not sustained enough damages from the defendant's wrongful conduct to warrant a reference of the case to a master. His finding is that the damage was not more than a very few dollars. He therefore decreed an injunction against the use of the name, "Oriental Carpet and Rug Renovating Works," or any other colorable imitation of the plaintiff's name, but did not enjoin the use of the original name, "Oriental Rug and

Carpet Renovating Works," and decreed costs in favor of the plaintiff.

The plaintiff contends that the case should have been referred to a master to assess damages. If the damages were substantial this order would be made, unless some other mode of determining their amount was agreed upon. But a court of equity is not bound by any rule to send the parties to a master in such cases, when it is manifest that the cost to the plaintiff of a hearing would be much more than the damages which he seeks to recover. An order of reference, under such conditions, would be inequitable. The smallness of a claim has repeatedly been stated as a ground for refusing to take jurisdiction in equity. *Cummings* v. *Barrett*, 10 Cush. 186, 190. *Smith* v. *Williams*, 116 Mass. 510, 513. *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478.

*Decree affirmed.*