The orders should be affirmed, with $10 costs and disbursements.

NOLAN, P. J., WENZEL, UGHETTA and KLEINFELD, JJ., concur.

Orders affirmed, with $10 costs and disbursements.

ED SULLIVAN, Appellant, *v.* ED SULLIVAN RADIO & T. V. INC., Respondent.

First Department, June 5, 1956.

*Max J. Rubin* of counsel (*Irving Constant* with him on the brief; *Arnold M. Grant,* attorney), for appellant.

*Brunon V. Boroszewski* for respondent.

Cox, J.  In this proceeding, in which plaintiff moved for an injunction *pendente lite,* the facts are not in dispute.  Appellant Ed Sullivan, who has been nationally known for over 20 years through his widely syndicated newspaper column, appearing in 35 newspapers throughout the country, including the *Buffalo Courier-Express,* is likewise known nationally in a much wider field as a radio and television personality presented weekly before an audience estimated at over 50 million people on the TV program, " The Ed Sullivan Show."  This program is presented regularly in Buffalo through the facilities of Station WBEN-TV.  Appellant also has been the subject of many articles and comments in magazines and newspapers, on radio and television.  He has, in the past, indorsed particular brands of television sets and, in the future, expects to continue making such indorsements.

Respondent Ed Sullivan Radio & T. V. Inc., engaged in the business of selling and repairing radio and television sets in Buffalo, New York, was incorporated in the State of New York on March 3, 1955, its three incorporators being Edward J. Sullivan, Robert J. Bender and Brunon V. Boroszewski. Edward J. Sullivan is the president and principal stockholder.  This corporation took over the business formerly owned by this same Edward J. Sullivan individually and which was operated by him for some time prior to March 3, 1955 as a side line and on a part-time basis under the name " Ed Sullivan Radio & T. V."

The question before us is whether or not a corporation of which the individual named Edward J. Sullivan is an incorporator, engaged in one phase of the radio and television field, may select the diminutive " Ed " for use in connection with the surname " Sullivan " of one of its incorporators as a part of its corporate title, when it is undisputed that the name " Ed Sullivan " is automatically identified by the general public with appellant *alone,* insofar as radio and television are concerned.

It is quite clear that, at the present time at least, there is no direct competition between appellant and respondent.  However, both operate in the same general field and this court has consistently held that it is not essential for parties to be in com-

petition with each other in order to sustain an injunction (*Long's Hat Stores Corp.* v. *Long's Clothes,* 224 App. Div. 497; *Maison Prunier* v. *Prunier's Restaurant & Cafe,* 159 Misc. 551; *Tiffany & Co.* v. *Tiffany's Prods.,* 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482), and injunctions have issued against the use of similar names in business even in the absence of a threat of confusion as to the source or sponsorship of the goods or services (*Tiffany & Co.* v. *Tiffany Prods., supra*).

Although the courts usually will not interfere with the right of a person to use his own name in business (*Meneely* v. *Meneely,* 62 N. Y. 427), the present trend of the law is to enjoin the use even of a family name where such use tends or threatens to induce confusion in the public mind (*Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462; *Westphal* v. *Westphal's World's Best Corp.,* 216 App. Div. 53, affd. 243 N. Y. 639).

Respondent herein makes use of no words in its corporate name which would indicate that it is engaged solely or exclusively in the business of selling and repairing radio and television sets. Since, therefore, it participates in the field in which appellant Ed Sullivan is broadly and generally known, to the degree of national prominence, respondent's use of its present title tends to identify appellant with the business of respondent. Moreover, appellant voices no objection to use of the name " Sullivan " as such nor even " E. J. Sullivan," nor the full name " Edward J. Sullivan," since he feels that such forms of the name would not induce or result in any confusion in the public mind. The objection here stems from the use of the diminutive form " Ed " in conjunction with the surname " Sullivan " in the combined name " Ed Sullivan " which appellant has continuously used throughout his entire career. In this regard it is to be noted that our courts have, on a number of occasions, enjoined the use even of variants of a name where such use threatened confusion in the public mind (*Astor* v. *Williams,* 1 Misc 2d 1026, affd. 272 App. Div. 1052; *Albro Metal Prod. Corp.* v. *Alper,* 281 App. Div. 68).

Although, in fact, but one isolated store in Buffalo is involved at the present time, nevertheless the state of facts may so change as to encompass a situation wherein there may be a series or a chain of similar stores throughout the country, in which case indeed, unless appellant had taken this present, prompt action, he might at a later date encounter great difficulty in obtaining an injunction because of his own laches. Also, at this stage the corporate enterprise would suffer minimal inconvenience in dropping the diminutive prefix, a situation which might not hold true at some future time.

612

Moreover, the significance of corporate identity is not to be lightly disregarded. Even on casual analysis there appears to be no present obstacle to interfere with or prevent the future sale or disposition by defendant's president, Edward J. Sullivan, of his interest in the business, thereby opening the door to others either to continue the business or by corporate amendment to extend the purposes and activities to more direct and active competition with the plaintiff.

The order appealed from should be reversed and a temporaary injunction granted. Settle order.

BOTEIN, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion for a temporary injunction granted. Settle order on notice.