Keating, J. (dissenting).
Murray J. Landman, a licensed real estate broker, conducts his business in Westchester County. From June 25, 1958 until May 29, 1961 he was an active member of the National Association of Real Estate Boards (hereinafter National Association). One of the benefits of membership in the organization is the privilege to use the National Association’s symbol on letterheads and advertising and be called a realtor. The word “ realtor ” had been coined by a predecessor organization of the National Association and has been continually used in conjunction with the association’s activities since 1920.
Landman, after withdrawing from the Westchester County Realty Board in May of 1961, persisted in using the word ‘ ‘ realtor ’ ’ in connection with advertising in the telephone company’s yellow pages directory even though the constituent board of which he had been a member notified him that he was infringing the National Association’s trade-mark.
The Westchester County Realty Board (hereinafter Realty Board) on its own behalf and on behalf of the National Association of which it is a member, sought to enjoin Landman from using the word “ relator ” in connection with advertising *753 Ms business in the telephone company’s yellow pages. The Realty Board made an application for an injunction pursuant to section 964 of the former Penal Law.* * The proceeding authorized by this provision is instituted by a motion served on the adversary returnable in five days.
An established intent to deceive is the controlling consideration in granting the summary remedy authorized by section 964 of the former Penal Law restraining by injunction the use of trade names. (Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475.) The moving party is not required to show that any particular party has been deceived or misled, but merely that the use of the name by the respondent was with intent to deceive and that it would be deceptive to the public. The summary relief authorized by the statute 1 ‘ should be invoked only when there is conclusive evidence of intent ‘ to deceive and mislead the public’”. (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 502; Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300; Matter of Ryan & Son v. Lancaster Homes, 19 A D 2d 14; Ryan & Son v. Lancaster Homes, 15 N Y 2d 812). The court deciding the motion must satisfy itself that “ the proof by affidavit and absence of factual issue [in the papers presented to it] must be tantamount to that which would authorize a summary judgment in an appropriate case ” if the motion is to be granted. (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568, 571; see Association of Contr. Plumbers v. Contracting Plumbers Assn., supra; Matter of Ryan Son v. Lancaster Homes, supra).
Section 964 of the former Penal Law was enacted to protect the public and competitors from the unfair use of trade names which would deceive the public into believing that the exploiter of the term was another person or affiliated with other persons. *754 The section was enacted to encompass not only wrongful appropriation by corporations, associations, and partnerships, but also by sole proprietors who used their own surnames as a title for their business operations.
A surname when used by a sole proprietor as a title to distinguish his business operations from that of competitors is as much a trade name as if his name were followed by and Company, Sons or Associates. When we analyze the use by a sole proprietor of his surname in conjunction with the name of his business in light of the existing case and statutory law, it is apparent that surnames are properly characterized as trade names when used in business, and, therefore, section 964 of the former Penal Law is applicable.
In Neva-Wet Corp. v. Never Wet Processing Corp. (277 N. Y. 163, 169) we .stated that “‘a trade name relates to a business and its good will rather than a vendable commodity, ’ and * * * ^he ‘ trade name proclaims it to those who pass the shop.’” Section 360 of the General Business Law defines the term ‘ ‘ trade name ’ ’ to mean ‘ ‘ any name, title, designation, or device lawfully adopted * * * to identify such business, trade, occupation, or vocation and distinguish it from the business, trade, occupation or vocation of others ”. In our recent decision in David B. Findlay, Inc., v. Findlay (18 N Y 2d 12) we enjoined “Wally” Findlay from using the trade name “ Wally Findlay Galleries ” for his business operations, even though this was his real name. (See Madison v. La Sene, 44 Wn. 2d 546.) Thus it is apparent that in -New York when a person engages in business under his surname this name becomes a trade name which can be protected against infringement and he can be forced to use it in a nondeceptive fashion (Sullivan v. Sullivan Radio & T.V., 1 AD 2d 609).
In view of the foregoing, when a surname is used pursuant to part of a plan of commercial operation it is clear that it is as much a trade name as is any assumed or contrived term which could be adapted to distinguish the business of one proprietor from other business establishments. It is difficult to believe the Legislature intended to leave outside the ambit of this .section sole proprietors who use their own names deceptively, while including all other business concerns. There is absolutely no difference, for the purpose of characterizing a business name as a trade name, that in one case the owner *755 calls it John Landman & Associates Realtors or states it to be Landman Realtor or, as proprietor, only uses his initials, J. H. L. Realtor. The Legislature by employing the term trade name together with corporation and assumed name in section 964 intended the statute to encompass all possible variations in exploitation of names that could deceive the public. It would be a clear misuse of the concept of trade names to fail to characterize a sole proprietor’s use of his surname in a business title as a trade name simply because it also happens to be his real name.
When we review the papers presented by the parties to Special Term, it is clear that Landman did intend to deceive the public as required by the statute. The mere conclusory allegation in an affidavit that there is a triable issue as to intent or effect on the community is not .sufficient to raise an issue of fact. As we said in Matter of Playland Holding Corp. v. Playland Center (supra, p. 303): “ Since the proceeding is summary in nature, the right to an injunction must be ‘ established in a clear and convincing manner. ’ (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 498.) That does not mean, however, that the right may be defeated by a bare denial of intent to deceive or mislead the public. The proceeding 1 will still lie where the respondent fails by affidavit to establish a true issue of fact ’, and insubstantial or incredible averments will not suffice to raise such an issue. (Matter of Industrial Plants Corp, v. Industrial Liquidating Co., 286 App. Div. 568, 572; see Matter of Alexander’s Dept. Stores v. Cohen, 295 N. Y. 557.) ”
The respondent’s mere denial of intent to deceive the public in light of the surrounding circumstances is insufficient by itself to put deceit in issue. It is undisputed that the term “ realtor ” is located underneath the respondent’s name in bold type in the yellow pages. It is also clear that, as a prior member of a constituent organization of the National Association, he knew that the association only permitted its members to use the word. Landman did not offer to show that, before his membership in the National Association, he used the term ‘ ‘ realtor ’ ’ or the house and commercial structure symbol in conjunction with advertising his business. Special Term, therefore, was entirely justified on the papers submitted in *756 concluding that Landman intended to deceive the public, but was in error in concluding that the statute was inapplicable.
Accordingly, the order of the Appellate Division should be reversed.
Order affirmed, etc.

 Section 964 of the former Penal Law (now General Business Law, § 133) provides:
“No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof * * * which may deceive or mislead the public as to the identity of such person, firm or corporation * * * with any other person, firm or corporation ”,