D.W.G., INC., Appellant,

v.

**GORDON'S JEWELRY COMPANY OF OKLAHOMA, INC., Appellee.**

No. 53655.

Supreme Court of Oklahoma.

June 9, 1981.

Rehearing Denied Nov. 2, 1981.

Charles A. Codding, Dunlap, Codding & McCarthy, Oklahoma City, for appellant.

John Joseph Snider, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellee.

DOOLIN, Justice:

The issue before us is trademark infringement, specifically the trade name [1] "Gordon Jewelers."

Defendant is a national jewelry company with 184 "conventional" credit retail stores in 26 states.[2] All but 12 of the stores bear the name "Gordon's Jewelers."[3]

Defendant incorporated in Oklahoma in August 1971, under the name "Gordon's Jewelry Company of Oklahoma, Inc." and entered into a lease agreement with Crossroads Shopping Mall on March 20, 1973. On September 20, 1973, it filed a "Corporate Trade Name Report" with the Secretary of State because it intended to operate its Crossroads store under a different name ("Gordon's Jewelers") than its corporate name, all as required by law.[4]

Plaintiff (D.W.G.) was incorporated in 1955 and is primarily owned by Norman Gordon. Plaintiff filed a Certificate of Registration of Trademark on January 23, 1973, claiming the name "Gordon Jewelers" as its own.[5]

Norman Gordon boasts a long heritage in the Oklahoma jewelry business. His father, Samuel Gordon, founded Gordon's Jewelers in 1904 and brought Norman and three other sons into the business in later years. Samuel Gordon incorporated his business in 1949 but dissolved it voluntarily four years later.

In August 1955, the plaintiff corporation was incorporated by Norman Gordon and two others. By 1958, Norman Gordon became the company's primary stockholder.

In 1961, D.W.G., Inc. purposed to acquire "Samuel Gordon and Company" by "merger" and to use the exclusive right to the trade name Samuel Gordon and Company and thereafter held itself out as Samuel Gordon and Company. However at times plaintiff also held itself out as "Gordon Jewelers" or simply "Gordon's" and therein lies the problem.

The trial court found that plaintiff's use of the names "Gordon" and "Gordon Jewelers" had been "so sporadic and insubstantial that plaintiff has not acquired by use the exclusive right to the use of those names in Oklahoma." We affirm.

I

The law of trade name infringement is not complicated but its application can be. It is governed by statute, case law and common law.

We have ruled that trademark infringement is an action in equity and "the trial court's findings and judgment ... will not be set aside unless an examination of the record shows that same are clearly against the weight of the evidence." *Miller v. Barnes*, 380 P.2d 965 (Okla.1963); *Bell v. Davidson*, 597 P.2d 753 (Okla.1979).

Plaintiff is claiming exclusive use of the name "Gordon Jewelers" by reason of (1) trademark registration in 1973, and (2) prior use of the trademark in the 1960's and 1970's.

Defendant argues the name should not be exclusive to plaintiff because (1) it incorporated under that name in 1971, (2) Alan

---

1. " 'Trade name' means a word, name, symbol, device or any combination of the foregoing in any form of arrangement used by a person to identify his business, vocation or occupation and to distinguish it from the business, vocation, or occupation of others." 78 O.S.1971 § 52(8) from Oklahoma Deceptive Trade Practices Act.

2. Defendant does operate several other jewelry stores nationally, which it defines as "traditional" stores (they cater to the upper income customer, the "carriage trade" as defendant termed it, and so carry a higher quality and more extensive selection of merchandise), stores it operates under the name of the former owners (because of their long established reputation).

3. The 12 exceptions (Daniel's Jewelers) are in Arizona and Defendant kept the former name when it bought the stores some years ago.

4. 18 O.S.1971 § 1.11(a).

5. 78 O.S.1971 § 23 et seq.

Gordon (brother of plaintiff Norman) has been allowed to operate under the name and (3) plaintiff has used the name only sporadically, primarily relying on the name "Samuel Gordon Jewelers" to distinguish his business.

## II

Trademark law is controlled less by statute than one would suspect from the myriad of statutes covering the subject.[6]

For more than 400 years the common law has recognized the right of a trademark owner to use it exclusively, and has awarded damages for the deprivation of such use.[7] The jurisdiction of the courts to restrain the use of a trademark is said to have been first recognized by Lord Hardwicke in the 1742 English case of *Blanchard v. Hill* (2 Atkyns 484).[8]

■ In Oklahoma registration and approval by the Secretary of State of a corporate name does not itself guarantee the owner of a name the exclusive right to use it. Such registration can always be challenged by a person claiming "prior use" of the name.[9]

■ Prior registration of a trademark is but only prima facie evidence of the exclusive ownership of a particular mark. The timely and bona fide use by another of the same or similar mark may materially affect the right of exclusivity claimed by the registrant, and may represent a valid defense in a suit for infraction.[10]

■ The mere adoption of, or intention to appropriate, a particular mark or name, without actual use of it in trade, confers no rights of exclusivity, even though the adoption or intention is publicly declared.[11]

"The true effect of respondent's registration of its trade name and sign design was not to invest it instantaneously with a right to 'exclusive use,' but rather to establish for respondent the basis for invoking common law trade name protection principles which are predicated upon a prior use of the trade name as against the subsequent use by another." [12]

The Oklahoma trademark registration statute itself specifies that the name sought to be registered must first have been adopted and used prior to application to register it.[13] Although Section 22 of Title 78 prohibits registration of names in certain instances (names which are likely to cause mistake, confusion or deception), it asks the Secretary of State to make that judgment, which can be challenged in court.

A special case is presented when a family or surname is incorporated into the name of a business or corporation.[14] Early Oklahoma law held that every person, in the absence of a self-imposed restriction, has an absolute right to use his own name honestly and reasonably in his own business, even though the use of that name may cause an injury to another person in the same business having the same or a similar name. But he cannot use his name in such a way that it appears he has resorted to some contrivance or an artifice which is intended to or does produce an impression upon the public that his establishment, business or firm, or the goods sold, are the same as that of another whose business is established and producing similar goods in the same community, and thus produce injury beyond that which results from a similarity of the

---

6. Statutes governing trademark registration in Oklahoma include 78 O.S.1971, § 21 et seq. (trademark registration); 78 O.S.1971, § 51 et seq. (Oklahoma Deceptive Trade Practices Act); and 18 O.S.1971, § 1.11 (prohibiting incorporation under a name deceptively similar to another).

7. *Shaver v. Shaver*, 54 Iowa 168, 6 N.W. 188 (1880).

8. Ibid.

9. 78 O.S.1971 § 23.

10. *Abner's Beef House Corp. v. Abner's International, Inc.*, 227 So.2d 865 (Fla.1969).

11. Ibid.

12. Ibid.

13. 78 O.S.1971 § 23.

14. See "Use of own Name in Business," 44 A.L.R.2d 1156.

names. See *Flora v. Flora Shirt Co.*, 283 P. 1013, 141 Okla. 58 (1930).[15]

In recent years other jurisdictions have limited the above rule, as to use of family name, to include creation of confusion in the public's mind irrespective of the element of deception of one of the parties.[16] If such confusion is present, courts have required the newcomer to differentiate or change the business name or the context in which it is used so as to eliminate the confusion.[17]

In this case, there is obvious confusion as both businesses want to use the nearly identical name of Gordon's (or Gordon) Jewelers. However, the trial court found plaintiff's use of the name was so sporadic as not to give him priority to the exclusive use of it.

We agree.

"Gordon Jewelers" has not been the primary name of plaintiff's business. In most instances it goes by the name "Samuel Gordon Jewelry" which is sufficiently distinctive as not to create an identification problem. It has used the name Gordon's Jewelers as an adaption of its primary trade name.

"... It has been decided that if, when the defendant adopted a trade name, the plaintiff had not acquired any right in his trade name, and it had not become identified with the plaintiff among dealers and the general public, and the defendant adopted his name in good faith, without any intention to wrong the plaintiff or acquire his business, then neither acquired any better right to the use of his trade name than the other to the use of

his." *Giragosian v. Chutjian*, 194 Mass. 504, 80 N.E. 647.

■ The exclusive right to a trademark belongs to the one who first uses it in connection with specified goods.[18] Cases have held that such use need not have gained wide public recognition,[19] and in fact even a single use in trade may sustain trademark rights if followed by accompanying circumstances showing an intention to continue use.[20]

■ In determining whether a manufacturer has a right to a trade name, the issue is whether a name which had no prior recognized value has been so used by him as to give it a value (e. g. a designation of articles of his manufacture). *Cohen v. Nagle*, 190 Mass. 452, 76 N.E. 276 (1906).

But how much "use" shall be considered sufficient to guard against appropriation of the mark by another?

While no definite period of use is required, it has been stated it is necessary that the name or mark shall have become associated in the public mind with the producer or owner of the goods to which it is applied.[21]

■ The task before us, then, is to determine if the plaintiff's use of the trade name "Gordon Jewelers" is sufficient to warrant his exclusive ownership of the name.

It is admitted that "Samuel Gordon Jewelry" is the primary name of plaintiff's business. But plaintiff also has used the name "Gordon Jewelers" from time to time in advertising and promotion:

**15.** An exception is when a surname has acquired a secondary meaning so that in the minds of the public the surname has become synonymous with the product or service. Examples are "Kelly Girl" (*Kelly Girl Service, Inc. v. Roberts*, DC Cal., 243 F.Supp. 225, "Max Factor" (*Max Factor Co. v. Factor*, DC Cal., 226 F.Supp. 120; "Black Gold" (*Bell v. Davidson*, supra).

**16.** See *Holmes v. Border Brokerage Co.*, 51 Wash.2d 746, 321 P.2d 898 (1958); *Sullivan v. Ed Sullivan Radio & TV, Inc.*, 1 A.D.2d 609, 152 N.Y.S.2d 227 (1956).

**17.** *John R. Thompson Co. v. Holloway*, (CA5 Texas) 366 F.2d 108 (1966).

**18.** *McClean v. Fleming*, 96 U.S. (Otto) 245, 24 L.Ed. 828 (1877).

**19.** *Blue Bell, Inc., v. Farah Manufacturing Company, Inc.*, 508 F.2d 1260 (5th Cir. 1975).

**20.** *Ritz Cycle Car Co. v. Driggs-Seabury Ordinance Corp.*, 237 F. 125 (S.D.N.Y., 1916).

**21.** See footnote No. 10.

—Plaintiff painted the sign "Gordon Jewelers" on the window of his store in 1961–1962;

—"Gordon" is printed on large sign in front of his store since 1963;

—Plaintiff sometimes advertised in the telephone directory under "Gordon Jewelry" since 1958;

—Plaintiff has used stationary at unspecified frequency with the letterhead "Gordon Jewelers" since 1961–1962;

—Plaintiff sold some watches with the name "Gordon" on the dial face since 1964;

—Plaintiff sold a pin on which was printed the word "Gordon" from 1948 to 1955.

Public recognition was indicated by the following evidence at trial:

—Some checks, envelopes and letters mailed to plaintiff used the name "Gordon Jewelers";

—A local businessman said the plaintiff had been known as "Gordon Jewelers," among other names;

—A participant in a consumer survey in 1967–1968 testified the public identified plaintiff as "Gordon's" and "Gordon's Jewelers."

■ The test in Oklahoma is not whether the public *could* be misled by similarities in the two names, but whether the public in fact has been misled. *General Adjustment Bureau, Inc. v. General Insurance Adjustment Company*, 258 F.Supp. 535 (N.D.Okla. 1966). We find if plaintiff had been known primarily to the public as "Gordon Jewelers," or had used the name more frequently, he would have a good case against defendant. However, we agree with trial court that his most frequently used public name was "Samuel Gordon Jewelers" and that use of the name "Gordon Jewelers" was so infrequent as not to result in significant confusion in the public mind.

There is evidence plaintiff relied primarily on the name "Samuel Gordon Jewelers" and other names to distinguish his business from others:

—Newspaper advertising almost exclusively under the name "Samuel Gordon";

—Rings sold in boxes since 1947 or 1949 imprinted with the name "Samuel Gordon";

—Invoices sent to customers, and envelopes imprinted with the name "Samuel Gordon & Company";

—Obtained sign permits from Oklahoma City and entered into agreements with the city under the name "D.W.G. d/b/a Samuel Gordon Co."; same for Oklahoma Gas & Electric Company;

—A roof sign reading "Samuel Gordon";

—Issued checks on bank accounts named "Samuel Gordon & Co.";

—Stationary with the letterhead "Samuel Gordon & Co.";

—Sold jewelry cleaner in a bottle marked "Samuel Gordon Jewelry";

—Mailed thousands of catalogs to customers with name "Samuel Gordon & Co." printed on cover;

—Placed purchased merchandise in bags marked "Samuel Gordon & Co." or no name at all;

—Adopted for its employees the "Samuel Gordon and Company Employees Benefit Plan";

—Sued its certified public accountant in a case styled "D.W.G. d/b/a Samuel Gordon and Company";

—Is addressed in most of its correspondence from customers as "Samuel Gordon" or "Samuel Gordon and Company";

—Its federal employee identification number lists as its trade name either "Samuel Gordon," "Samuel Gordon and Company" or "Samuel Gordon Jewelers."

Our situation, wherein a business attempts to exclusively own a name other than the one it primarily operates under, is unique both in Oklahoma and nationally; our research and that of the parties has produced no similar fact situation.

We distinguish the findings of those courts which hold that even a single use of

a name is sufficient to acquire the "use" mandated by our registration statute. Our holding today is limited to the present fact situation involving a *secondary* trade name. Those single use cases refer to primary use trade names. To find otherwise would open the way for businesses to attempt exclusive registration of scores of names which they had used a single time and which have no meaning to the public at large in relation to that particular business.

■ We are pursuaded by the cases which argue that for a name to be reserved exclusively as a trade name it must be associated in the public mind with the owner of the business or goods with which it is associated. A single, or infrequent, use of a secondary name will not suffice to gain exclusivity of its use by the user. In the final analysis the singular purpose of a trade name is to provide a means for the consumer to separate or distinguish one man's business or goods from those of another. A trademark aids the public in selecting particular goods and a trade name accomplishes the same objective for a particular business.[22] If it does not accomplish that end, it is not entitled to exclusive ownership.

The ultimate test is whether plaintiff has used the name "Gordon Jewelers" to such an extent that the public would confuse him with "Gordon's Jewelers." We do not find the trial court's decision is against the clear weight of the evidence.

AFFIRMED.

IRWIN, C. J., and HODGES, SIMMS and HARGRAVE, JJ., concur.

BARNES, V. C. J., and WILLIAMS, LAVENDER and OPALA, JJ., dissent.

---

22. *Blue Bell, Inc. v. Farah Manufacturing Company, Inc.*, 508 F.2d 1260 (5th Cir. 1975).