Dear Dr. Horn:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 59 O.S. 2001, § 328.31a[59-328.31a], of the Oklahoma Dental Act ("Dental Act") that regulates the use of a trade name by "a dentist," also apply to a practice[1] with more than one dentist?
 2. In a practice of multiple dentists, is a listing only of a trade name, such as "Dr. Smith, DDS and Associates" or "The Denture Center" in an advertisement acceptable under 59 O.S. 2001, § 328.31a[59-328.31a](2) of the Dental Act, that requires "the name of the dentist actually providing the services" be listed in the advertisement?
 3. If the answer to question two is no, must all dentists practicing under a trade name in various locations be listed in an advertisement that lists all locations?
 4. Must all dentists practicing under one trade name in all locations be listed in an advertisement that lists only one location, including those dentists who never practice in the listed location?
 5. Does a sign outside a dentist's location bearing a trade name constitute an advertisement? *Page 2 
 I. BACKGROUND
Since 1996, the Dental Act has allowed a dentist to use a trade name in his or her practice of dentistry. See 59 O.S. 2001, § 328.31a[59-328.31a]. That section reads as follows:
 A dentist may use a trade name in connection with the practice of dentistry provided that:
 1. The use of the trade name shall not be false, fraudulent or misleading;
 2. Any advertisement in which the trade name appears shall include the name of the dentist actually providing the dental services;
 3. The name of the dentist actually providing the dental services shall appear on all billing invoices or statements sent to a patient and on all receipts if any are given to a patient;
 4. Treatment records shall be maintained for each patient that clearly identify the dentist who performed the dental services for the patient; and
 5. When an advertisement is made in the trade name or the trade name is included in an advertisement, a copy of the advertisement, including a film and audio record if one was used, shall be kept by the dentist for three (3) years from the date of the advertisement.
Id. (emphasis added). For our purpose it is not necessary to chart the changes in the Dental Act prior to 1996, when a dentist was first allowed to use a trade name in Oklahoma. Suffice it to say that prior to 1996, for a number of years a dentist was forbidden to practice dentistry under a trade name.[2] See 59 O.S. 1991, § 328.28[59-328.28](A)(11). Section 328.28 was repealed in 1996. See 1996 Okla. Sess. Laws ch. 2, § 22. *Page 3 
Since 1996, when the use of a trade name was authorized by the Oklahoma Legislature, the practice of dentistry has evolved from a single dentist practicing in one location to multiple dentists practicing in more than one location under one trade name. This evolution has occasioned your questions.
 II. DEFINITION OF A TRADE NAME *Page 4 
Before we address your first question, an explanation of what a trade name is in the context of a professional practice is necessary. While the Dental Act does not define trade name,[3] the term is defined in the Deceptive Trade Practices Act (78 O.S. 2001 Supp. 2007, §§ 51 — 55).[4] Section 52 in Title 78 states:
 11. "Trade name" means a word, name, symbol, device, or any combination of the foregoing in any form of arrangement used by a person[5] to identify his business, vocation, or occupation and to distinguish it from the business, vocation, or occupation of others.
Id. (footnote added).
The definition of "trade name" in the RESTATEMENT (THIRD) OF THE LAW OF UNFAIR COMPETITION: LAW OF TRADEMARKS [hereinafter Restatement] provides additional guidance. The Restatement defines "trade name" as:
 § 12. Definition Of Trade Name *Page 5 
 A trade name is a word, name, symbol, device, or other designation, or a combination of such designations, that is distinctive of a person's business or other enterprise and that is used in a manner that identifies that business or enterprise and distinguishes it from the businesses or enterprises of others.
 Id.
A Comment to the Restatement further explains what a trade name is:
 [A] "trade name" as defined in this Section identifies and distinguishes businesses or other enterprises. A trade name may be the real name of the entity operating the business, such as a corporate or personal name. It may also be an assumed name under which business is conducted, such as a name adopted by a sole proprietorship or partnership. The only requirement is that the designation identify the business or other enterprise and distinguish it from the businesses or enterprises of others.
Id. § 12 cmt. a.
 III. THE DENTAL ACT, 59 O.S. 2001, § 328.31A[59-328.31A], REGULATES DENTISTS WHO PRACTICE ALONE IN ONE OR MORE LOCATIONS AND DENTISTS WHO PRACTICE IN A GROUP IN ONE OR MORE LOCATIONS.
We now address your first question: does 59 O.S. 2001, § 328.31a[59-328.31a], that regulates the use of a trade name by "a dentist," also apply when multiple dentists practice in one or several locations under a trade name, such as "Good Teeth"?
The answer is found in an Oklahoma statute that states, "Words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears." 25 O.S. 2001, § 25[25-25]. The singular is used throughout the Dental Act where it may belikely that a particular provision will apply to multiple dentistspracticing together. For example, the section which governs professionalentities formed for the purpose of providing dental services describesprofessional entities formed for "rendering professional services by adentist." 59 O.S. 2001, § 328.31[59-328.31](B). Often professionalentities have more than one member. The statute is obviously not intendedto apply only to a professional entity which has only one member.Likewise, there is no reason to think that the statute governing the useof a trade name was intended to apply to a practice that has only onedentist.
 This analysis finds support in Oklahoma case law. See Rupp v. City ofTulsa, 214 P.2d 913 (1950). Citing Section 25 of Title 25, the court held that consistent use of the singular throughout a municipal ordinance indicates the propriety of the recognition that the singular term also includes the plural. See id. at 915. Likewise, substituting the plural "dentists" for the singular "dentist" is *Page 6 
appropriate in the Dental Act in several different sections. The statute regulates practices where single or multiple dentists practice in one or multiple locations using a trade name.[6]
We conclude that any dental practice (whether a corporation, other "business entity," a group of practitioners who have no formal business organization or a sole practitioner) whether it has one or more locations, that uses a word, name, symbol, device or any combination to create an identity to distinguish itself from others may be subject to 59 O.S. 2001, § 328.31a[59-328.31a] of the Dental Act.
Ultimately, whether any particular word, symbol or combination thereof is a trade name is a question of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). However, in most scenarios it is clear whether a dental practice identifies itself by use of a trade name. Some examples are provided for guidance.
If Dr. White practices as a sole practitioner under the name "Good Teeth," even though his practice is not incorporated, "Good Teeth" would be a trade name subject to regulation under the Dental Act. If Drs. Smith, Jones, Brown and Green shared office space, expenses and performed insurance billing in one location under the name "Dr. Smith and Associates" but were not incorporated or a business entity, "Dr. Smith and Associates" would be a trade name subject to the regulation of the Dental Act. If a group of eight dentists practice together in one or more locations and incorporate under the name "Denture Center" as the legal name under which the group does business, it would be using a trade name under the broad definition of trade name in the Oklahoma Deceptive Trade Practices Act and would be subject to regulation under the Dental Act. If "Dr. Smith and Associates," a corporation or other business entity with multiple dental practice locations in Oklahoma, is the legal name under which Dr. Smith and Associates does business in Oklahoma, it would be using a trade name and be subject to regulation under the Dental Act.
 IV. IN A PRACTICE OF MULTIPLE DENTISTS A LISTING OF ONLY A TRADE NAME IN AN ADVERTISEMENT IS NOT ACCEPTABLE UNDER 59 O.S. 2001, § 328.31A[59-328.31A](2) OF THE DENTAL ACT. *Page 7 
You next ask, in a practice of multiple dentists, is a listing only of a trade name, such as "Dr. Smith, DDS and Associates" or "The Denture Center" in an advertisement acceptable under 59 O.S. 2001, § 328.31a[59-328.31a](2) of the Dental Act?
The answer to this question requires only a brief analysis. This Section of the Dental Act is unambiguous in its wording. Plain and unambiguous words in a statute must be given their common meaning. Curtisv. Bd. of Educ., 914 P.2d 656, 659 (Okla. 1995). If the language used by the Legislature conveys a definite meaning which involves no absurdity or any contradiction of other parts of the statute, then the meaning apparent on the face of the statute must be accepted. See id. Here, the section unambiguously states, "Any advertisement in which the trade name appears shall include the name of the dentist actually providing the dental services[.]" 59 O.S. 2001, § 328.31a[59-328.31a](2) (emphasis added). The inclusion is mandatory, and under the appropriate statutory command, multiple-dentist practices shall also include the names of dentists actually providing the dental services when a trade name is used in an advertisement. To allow multiple-dentist practices to avoid the disclosure requirements mandated in the statute could possibly lead to occurrence of the evils to be avoided in the use of trade names generally. See Baker, 543 F. Supp. at 1182-84.
The district court in Baker made a factual determination that the dentist's use of the trade name "Denture Center" could imply that the dentists at the clinic are denture specialists when in fact none of the dentists at the clinic were. Id. at 1183. The court found that the trade name combined with the plaintiff's name would erroneously imply that the plaintiff personally supervised and worked at each denture clinic.Id.
To determine, as a matter of law, that only a trade name need be used in multiple-dentist practices would fly in the face of jurisprudence concerning the interpretation of unambiguous statutes and ignore the cautionary statements by the court in Baker about the potential for deception when only trade names are used. We conclude that the use only of a trade name in an advertisement without the name or names of a dentist or dentists does not comply with the unambiguous language of the Dental Act regulating trade names.[7]
 V. WHETHER AN ADVERTISEMENT THAT LISTS NO LOCATIONS OR MULTIPLE LOCATIONS MUST LIST NAMES OF ALL DENTISTS PRACTICING AT ALL LOCATIONS INVOLVES QUESTIONS OF FACT BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION.
"Any advertisement in which the trade name appears shall include the name of the dentist actually providing the dental services[.]" 59 O.S. 2001, § 328.31a[59-328.31a](2). When we read the statute in light of the construction that the singular shall include the plural, as we must, we read: "Any advertisement in which the trade name appears shall include the name[s] of the dentist[s] actually providing the *Page 8 
dental services[.]"[8] Id. (emphasis added). Thus, upon a literal reading, an advertisement must contain all the names of dentists providing dental services in one or multiple locations.[9]
However, this literal reading of the statute does not take into account any First Amendment protection afforded to advertisements under the "commercial speech" doctrine. Thus, the ultimate question is whether the literal reading of the statute would be, as a matter of law, constitutional.
The Attorney General of Maryland addressed the question of the constitutionality of the required disclosure of the identity of dentists in public communications in an opinion rendered in 1985. 70 Md. Op. Att'y Gen. 43 (1985), 1985 WL 256604 (West Westlaw). The Maryland regulation at issue, still in force and very similar to the section of the Dental Act under scrutiny, prohibited public communications that "[f]ail to include the name and address of the dentist rendering the service." Id. at * 20.
The Attorney General of Maryland concluded that the regulation was constitutional, stating, "This provision is a form of required disclosure `reasonably related to the State's interest in preventing deception of consumers.'" Id. (citing Zauderer v. Office of Disciplinary Counsel,471 U.S. 626 (1985) in support of his position). In Zauderer, in which an attorney challenged some of the disclosure requirements in contingency fee cases, the Court found the disclosure requirements constitutional, stating:
 We do not suggest that disclosure requirements do not implicate the advertiser's First Amendment rights at all. We recognize that unjustified or unduly burdensome disclosure requirements might offend the First
Amendment by chilling protected commercial speech. But we hold that an advertiser's right are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers.
Id. at 651 (footnote omitted). However, and very importantly, in a footnote the Maryland Attorney General stated that "a requirement that a dental clinic's ad[vertisement] set forth the name of each *Page 9 
and every dentist practicing in the clinic might be unduly burdensome." 70 Md. Op. Att'y Gen. 43, 1985 WL 256604 (West Westlaw) at *20 n. 29. No published answer to the issue raised in that tantalizing footnote has been forthcoming.
In our analysis of the Dental Act's requirement that advertisements using trade names must have the names of the dentist or dentists actually performing the services balanced against whether such a requirement is burdensome, we look first to Friedman to understand the Court's view of what protection, if any, an advertisement containing a trade name has under the First Amendment.
In Friedman the Supreme Court held constitutional a Texas statute that prohibited the use of trade names by optometrists. Friedman, 440 U.S. at 15. The Court held that the statute was justified because Texas' interest in protecting the public from deceptive and misleading use of a trade name was not "speculative or hypothetical" but "substantial and well demonstrated." Id. at 13, 15. The Court examined prior Texas State Supreme Court decisions and other factual history in Texas that showed adeceptive and misleading use of trade names by optometrists in Texas.Id. at 13-15.
Even though a trade name may be considered commercial speech, it is different from other forms of commercial speech such as advertising because trade names, unlike advertisements, have no intrinsic meaning nor convey information about the price and nature of the services offered. Id. at 12. Friedman held that because the price and quality of the services offered can be manipulated by the users of trade names, there are numerous possibilities to mislead and deceive the public from the use of trade names. Id. at 12-13.
After the Supreme Court's decision in Friedman, the United States District Court for the Western District of Oklahoma held a section of the Dental Act constitutional that prohibited the use of trade names by dentists. Baker, 543 F. Supp. at 1183.[10] The district court made a factual determination that the dentist's use of the trade name "Denture Center" could imply that the dentists at the clinic are denture specialists when in fact none of the dentists at the clinic were such.Id. The court found that the trade name combined with the plaintiff's name would erroneously imply that the plaintiff personally supervised and worked at each denture clinic. Id. Therefore, because of the deceptive nature of the trade name "Denture Center" and because of the history of deceptive and misleading use of trade names, the court held that the use of a trade name was not protected by the First Amendment. Id.
Perhaps the Baker court's analysis and affirmation of Oklahoma's absolute prohibition against the use of trade names might lead to the conclusion that an advertisement containing a trade name would be afforded little, if any, constitutional protection. However, this absolute power to prohibit the use of trade names by dentists was negated by the Oklahoma Legislature when the 1996 amendment to the Dental Act was passed. See 1996 Sess. Laws ch. 2, § 9. The Dental Act now expressly allows the *Page 10 
use of trade names by dentists as long as the use is not false, fraudulent or misleading. 59 O.S. 2001, § 328.31a[59-328.31a](1).
Assuming that a trade name is not false, fraudulent or misleading, it may, under subsection 2 of Section 328.31a of the Dental Act be used in an advertisement. Logically then, the use of a trade name in an advertisement does not, as a matter of law, remove the advertisement from possible protections of the First Amendment as commercial speech. SeeIbanez v. Fla. Dep't of Bus. Prof'l Regulation, Bd. of Accountancy,512 U.S. 136, 142 (1994). "Commercial speech that is not false, deceptive, or misleading can be restricted, but only if the State shows that the restriction directly and materially advances a substantial state interest in a manner no more extensive than necessary to serve that interest." Id.; see also In re R.M.J., 455 U.S. 191, 203-04 (1982) (in analyzing whether some legal terminology that was not expressly listed in a state statute could be banned in an advertisement, held such a blanket prohibition unconstitutional).
We now must ask whether the requirement that any advertising using a trade name must include the names of the dentists actually providing the services is reasonable or overly burdensome under the First Amendment. The Supreme Court is again instructive. Zauderer v. Office ofDisciplinary Counsel, 471 U.S. 626, 649-51 (1985). The Court's holding is still valid today; a state's disclosure requirement is constitutional so long as the disclosure requirement is reasonably related to the state's interest in preventing deception of consumers and not unduly burdensome.[11] Id. at 651.
While judicial skepticism of trade names is clearly found in Friedman
and Baker, and would impact any analysis of the regulation of advertising when a trade name is used in Oklahoma, an answer to these questions of fact of reasonableness and burden is outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). The Attorney General has given his Opinion that whether or not a speech regulation is reasonable is a question of fact. Cf. A.G. Opin. 98-45, at 213-14. Likewise, whether a requirement that an advertisement using a trade name list all names of dentists actually providing services is reasonable and not unduly burdensome involves questions of fact, which are outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). Your question three may not be answered as a matter of law.[12] *Page 11 
 VI. AN ADVERTISEMENT WHICH ADVERTISES ONLY ONE LOCATION MAY, UNDER 59 O.S. 2001, § 328.31A[59-328.31A](2), LIST ONLY THE NAMES OF THE DENTISTS "ACTUALLY PROVIDING DENTAL SERVICES" AT THAT LOCATION.
If an advertisement lists only one location, even though the practice consists of several locations, listing of the dentists practicing at the one location would seem to comport with the requirement that dentists be identified who "actually" provide services. 59 O.S. 2001, § 328.31a[59-328.31a](2).
Plain and unambiguous words in a statute must be given their common meaning. Curtis, 914 P.2d at 659. If the language used by the Legislature conveys a definite meaning which involves no absurdity or any contradiction of other parts of the statute, then the meaning apparent on the face of the statute must be accepted. See id. Here, if an advertisement lists one location and lists the names of dentists that "actually" provide the dental services at that location there is no ambiguity to be addressed.
 VII. WHETHER A SIGN OUTSIDE A DENTAL PRACTICE BEARING A TRADE NAME IS AN ADVERTISEMENT IS A QUESTION OF FACT BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION.
Assuming that a particular name used by a dentist or group of dentists is a trade name, we proceed to a discussion of your fifth question, whether a sign displaying a trade name outside a dental practice location is an advertisement. Such a sign might contain the phrase "Good Teeth," "Dr. Smith, DDS and Associates," or a myriad of other trade names. The statute provides: "Any advertisement in which the trade name appears shall include the name of the dentist actually providing the dental services[.]" 59 O.S. 2001, § 328.31a[59-328.31a](2) (emphasis added). But is a sign with a trade name an advertisement to be regulated under the Dental Act?
The use of a trade name is a form of commercial speech (see Friedman,440 U.S. at 11), but that does not necessarily make use of a "trade name" an advertisement. Is use of a trade name an "advertisement" simply because it is a form of commercial speech? Trade names have no intrinsic meaning nor convey information about the price and nature of the services offered and are significantly different forms of commercial speech than those addressed by the Supreme Court in other cases. Id. at 12. In Baker, noted in Part V above, in which the United States District Court for the Western District of Oklahoma held that Oklahoma could ban the use of trade names by dentists, the court stated that a trade name is different than an advertisement and did not deserve the constitutional protections granted to advertising. Id., 543 F. Supp. at 1183.
While the Friedman and Baker analyses refused to grant constitutional protection to trade names as advertising, the question before us is whether a sign using a trade name authorized by statute is *Page 12 
advertising susceptible to the name disclosure regulation before us, with such regulation subject to constitutional limitations.[13]
"Advertisement" is not defined under the State Dental Act; thus, in order to determine the definition it must be understood in its plain ordinary meaning. In re Certification of Question of State Law,560 P.2d 195, 197 (Okla. 1977). Webster's Third New InternationalDictionary defines advertisement as the act of advertising. Id. at 31. "Advertising" means "the action of calling something . . . to the attention of the public esp[ecially] by means of printed or broadcast paid announcements." Id. The same definition has also been accepted by the Oklahoma Supreme Court. State ex.rel. Dep't of Transp. v. Pile,603 P.2d, 337, 339 (Okla. 1979). *Page 13 
When determining whether a sign in front of a location listing only the trade name is an advertisement, the determinative factor is not what is used, e.g. a sign, but what is displayed on the sign, the size of the display, the colors used and a variety of other factors. Thus, as with your third question, the determination whether a sign bearing a trade name is an advertisement is a question of fact beyond the scope of an Attorney General's Opinion.[14] 74 O.S. 2001, § 18b[74-18b](A)(5). Likewise, if it is determined that a sign bearing a trade name is an advertisement, the determination must be made whether requiring the names of dentists actually providing dental services at the location of the sign is reasonable and not overly burdensome.[15] See Part V, above.[16]
 It is, therefore, the official Opinion of the Attorney General that:
 1. In 59 O.S. 2001, § 328.31a[59-328.31a], a "trade name" means a "word, name, symbol, device, or any combination of the foregoing in any form of arrangement used by a person," whether an individual or some form of *Page 14 business entity or a group of individuals, to identify the business, vocation or occupation and "to distinguish it from the business, vocation or occupation of others." 78 O.S. 2001, § 52[78-52](8), (11).
 2. The plural form of words used in the Dental Act in 59 O.S. 2001, § 328.31a[59-328.31a], such as "dentist" and "name" are included in the singular form of those words. 25 O.S. 2001, § 25[25-25]. The section of the Dental Act regulating a trade name of a dentist applies to practices with more than one dentist.
 3. The listing only of a trade name in an advertisement does not comply with the requirement of 59 O.S. 2001, § 328.31a[59-328.31a](2), that the name or names of the dentist or dentists actually providing dental services be included. This requirement also applies to practices which have one or multiple dentists in one or multiple locations. See 25 O.S. 2001, § 25[25-25].
 4. The use of a trade name which is not false, fraudulent or misleading in an advertisement is specifically permitted by Oklahoma statute (59 O.S. 2001, § 328.31a[59-328.31a](2)) and thus an advertisement containing an acceptable trade name is commercial speech to be analyzed under the test of Central Hudson Gas Electric Corporation v. Public Service Commission, 447 U.S. 557, 563-66 (1980).
 5. Whether the implicit requirement in 59 O.S. 2001, § 328.31a[59-328.31a](2) that an advertisement list the names of all dentists practicing in one or more locations is constitutional involves questions of fact concerning reasonableness and the burden placed on dentists under the Central Hudson test. Questions of fact are beyond the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). Thus, your question 3 cannot be answered in this Opinion.
 6. The Dental Act at 59 O.S. 2001, § 328.31a[ 59-328.31a](2) unambiguously states that an advertisement shall list the names of dentists actually providing services. Thus, if an advertisement only lists one location, only those dentists actually providing services at that location need be identified. See Curtis v. Bd. of Educ., 914 P.2d 656, 659 (Okla. 1995).
 7. Whether a sign outside a dental practice location is an advertisement is a question of fact, which is beyond the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL
[1] The term "practice" is defined as "professional business or work esp[ecially] as an incorporeal property." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1780 (3d ed. 1993). It is routinely used to describe medical, dental or legal business operations. See id.
[2] In 1982, the United States District Court for the Western District of Oklahoma determined that Oklahoma's absolute prohibition of a dentist's use of a trade name was constitutional. Baker v. RegisteredDentists, 543 F. Supp. 1177, 1183-84 (W.D. Okla. 1982). The court relied on Friedman v. Rogers, 440 U.S. 1, 12-13 (1979), in which the United States Supreme Court ruled that Texas could constitutionally ban the use of a trade name by an optometrist. Id. The Oklahoma statue permitting the use of a trade name by a dentist, which is the subject of this Opinion, was enacted by the Legislature in 1996 subsequent to theBaker decision. See 1996 Okla. Sess. Laws ch. 2, § 9; see also part V, below.
[3] The term "trade name" has not been defined by the Board of Dentistry in its Administrative Rules. See OAC 195:1-1-1 — 35-1-5. While it is possible to discern the meaning of "trade name" from other statutes and scholarly works, a definition in the Dental Act or rules would be helpful to dentists in Oklahoma.
[4] "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears."Oliver v. City of Tulsa, 654 P.2d 607, 611 (Okla. 1982) (footnote omitted). No contrary intention exists. Rather, the definition of trade name found in the Deceptive Trade Practices Act was applied in a case involving a dispute over the use of a certain name by two businesses.See generally D.W.G., Inc. v. Gordon's Jewelry Co., 635 P.2d 326, 327
n. 1 (Okla. 1981).
[5] In the Deceptive Trade Practices Act, "`Person' means an individual, corporation, business trust, estate, trust, partnership, unincorporated association, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity[.]"Id. § 52(8).
[6] Another term used in a subsection of the Dental Act being examined here is "name. "Any advertisement in which the trade name appears shall include the name of the dentist actually providing the dental services[.]" 59 O.S. 2001, § 328.31a[59-328.31a](2) (emphasis added). As it is necessary to recognize that there are multiple-dentist practices, it is logical to read Section 25 of Title 25 as, "Any advertisement in which the trade name appears shall include the name[s] of the dentist[s]
actually providing the dental services."
[7] Whether there may be considerations about the requirement of the listing of names emanating from the First Amendment to the United States Constitution will be addressed in part V, below.
[8] It would be nonsensical to interpret the statute to mean that one named dentist who performed "actual services" on one particular patient must be listed in a print, radio, TV or Internet advertisement for a location in which several dentists practice.
[9] If an advertisement listed multiple locations, all dentists at various locations would, it seem, need to be identified by the location(s) where the dentists "actually" provide services.
[10] The statute involved was 59 O.S.Supp. 1981, § 328.28[59-328.28](A)(11), which was repealed in 1996. The current law, 59 O.S. 2001, § 328.31a[59-328.31a], was enacted in its place that same year.See 1996 Sess. Laws ch. 2, §§ 8, 9, 22.
[11] The standard used in evaluating commercial speech involves a four-prong test developed by the United States Supreme Court. See Cent.Hudson Gas Elec. Corp. v. Pub. Serv. Comm'n, 447 U.S. 557, 563-66
(1980). Central Hudson and its progeny would be helpful in answering questions of fact about whether the disclosure requirement of names is overly burdensome to multiple-dentist practices. See generally Borgnerv. Brooks, 284 F.3d 1204, 1213-16 (11th Cir. 2002) (upholding the requirement of the use of a disclaimer by dentist when certain credentials were used); Parker, D.M.D. v. Ky. Bd. of Dentistry,818 F.2d 504, 510-11 (6th Cir. 1987) (holding ban on dentist's advertising was unconstitutional); Piazza's Seafood World, L.L.C. v.Odom, 448 F.3d 744, 753 (5th Cir. 2006) (banning use of trade name was unconstitutional as it restricted use by sellers who disclosed truthful information); Michel, Jr. v. Bare, 230 F. Supp.2d 1147, 1153
(D. Nev. 2002) (restricting attorney use of trade names failed the CentralHudson analysis).
[12] As was stated at note 3 above, the Oklahoma Board of Dentistry has not promulgated rules to implement the statute in question. The Board should consider the promulgation of such rules to provide guidance to the Board and practitioners alike as to what factors it would take into account in determining the balance between public health and safety and the burden placed upon dental practices to list the names of dentists in multiple-dentist practices, especially those that have more than one location.
[13] As noted in Part V, above, the Oklahoma legislature has allowed the use of trade names by dentists, subject to these names not being false, fraudulent or misleading. Thus, using the Friedman analysis to say that an advertisement with a trade name in it is not advertising recognized as commercial speech because it is inherently misleading begs the question. If a sign using a trade name is not false, fraudulent or misleading and if the sign is advertising, the "commercial speech" analysis of Central Hudson must be undertaken.
[14] As a matter of guidance, it should be noted that the use of the trade name on a sign must, under the Dental Act, not be false, fraudulent or misleading, whether or not the sign constitutes an advertisement. The factual investigation to determine whether a trade name is false, fraudulent or misleading may be guided by some of the examples used inFriedman, 440 U.S. at 13-15 and Baker, 543 F. Supp. at 1182-84.
[15] Compliance with subsection 3 of Section 328.31a, which requires that the name of the dentist actually providing the service be included on invoices, etc. is much easier in that these items are based on a particular service provided by a particular dentist to a particular patient. It is simply a matter of filling in certain blanks at the time a patient checks out after a procedure.
[16] As was stated above at note 3, the Oklahoma Board of Dentistry has not promulgated rules to implement the statute in question. The Board should consider the promulgation of such rules to provide guidance to the Board and practitioners as to what factors the Board would take into account in determining whether a sign is an advertisement and, if so, the balance between public health and safety and the burden placed upon dental practices to list the names of dentists on signs using trade names. *Page 1